[No. 6731.  Decided October 8, 1907.]

FRANCES CHLOPECK, *Appellant*, v. EDWARD CHLOPECK *et al.*, *Respondents.*[1]

APPEAL—REVIEW—HARMLESS ERROR.  Denial of a motion to amend the prayer of a complaint so as to ask a dissolution of the partnership is not prejudicial where the court properly found that there was no partnership.

WITNESSES—COMPETENCY—TRANSACTION WITH INSANE PERSON.  In an action between alleged partners, one of whom was insane, an adverse party cannot testify as to who composed the partnership, under Bal. Code, § 5991, prohibiting testimony of a transaction with an insane person by a party adversely interested.

APPEAL — PRESERVATION OF GROUNDS — EVIDENCE — PRESENTATION. Error cannot be assigned upon the exclusion of evidence the materiality of which does not appear from the questions, unless the party informs the court what he expected to prove thereby so that the court could determine its materiality.

[1]Reported in 91 Pac. 966.

APPEAL—REVIEW—HARMLESS ERROR.  The admission of improper evidence is not ground for reversal in a case tried *de novo* on appeal.

PARTNERSHIP — EXISTENCE OF RELATIONSHIP — EVIDENCE — SUFFICIENCY.  There is not sufficient evidence to establish a partnership relation between a mother and son from the fact that, for twenty years before the son became insane, his mother had lived with him, advanced money for, took a general interest in, and rendered services without pay in the conduct of a fish and poultry business, conducted in the name of C. Brothers, where it appears that the son transferred the business to a corporation in consideration of stock issued to him; that the mother drew money from the business for household expenses, which, after the corporation was formed, was charged to the son; and all the circumstances were as consistent with the relation of mother and son as with that of partnership, of which there was no direct testimony.

Appeal from a judgment of the superior court for King county, Griffin, J., entered November 7, 1906, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, dismissing an action for an accounting.  Affirmed.

*Charles R. Crouch, Wm. H. Brinker,* and *Morris, Southard & Shipley,* for appellant.

*Ira Bronson, D. B. Trefethen,* and *Ira A. Campbell,* for respondents.

RUDKIN, J.—This is an action for an accounting between partners.  The court below found, among other things, that there was no partnership, and entered a judgment of dismissal, from which the plaintiff has appealed.

At the commencement of the trial the appellant asked leave to amend the prayer of her complaint by adding thereto a prayer for the dissolution of the copartnership.  The court denied the application and this ruling is assigned as error.  If the court was justified in its finding of no partnership, the ruling complained of could not be prejudicial, even though erroneous.  The appellant, while on the witness stand in her

own behalf, was asked the following question: "Q. Who composed the firm of Chlopeck Brothers?" To this question the respondents objected, on the ground that the respondent Turner was defending as the guardian of an insane person, and the appellant was not competent to testify in her own behalf to any transaction had with such insane person under Bal. Code, § 5991 (P. C. § 937). This objection was properly sustained. The partnership relation could only be created through some contract or transaction with the respondent Edward Chlopeck, and he being insane, testimony in relation to such contract or transaction by the appellant in her own behalf was properly excluded. Objections were also sustained to the following questions propounded to the same witness:

"Q. What wages did you draw for such services? (Referring to services performed by the witness in superintending the smoking of fish.) Q. Did any of the employees of Chlopeck Brothers down there board with you? Q. Did you have any knowledge of money due her from Chlopeck Brothers? Q. Then, after that, Mrs. Chlopeck, when you wanted money to pay expenses, where did you get it?"

The materiality of the testimony sought to be illicited by these questions does not appear from the questions themselves, and in *Norman v. Hopper*, 38 Wash. 415, 80 Pac. 551, we held that in such cases we will not review the action of the trial court in excluding testimony, unless the party offering it informed the court what he expected to prove, and made the offer a part of the record so that the court might judge of its materiality. For these reasons we cannot review the rulings of the court in the matters complained of.

The next assignment relates to the admission of testimony over the objection of the appellant. The statements objected to were clearly hearsay and self-serving, but we have repeatedly held that the admission of improper testimony does not call for a reversal in an equity case, or in any case tried to the court. This court will simply disregard it.

The only remaining question is the sufficiency of the testimony to justify the court's finding. Briefly stated the material facts are these: The appellant and the respondent Edward Chlopeck, mother and son, resided together in Portland, Oregon, in the year 1884. In the fall of that year a fish and poultry business was purchased from one Wolfstein, and the business was thereafter conducted until 1896 under the name of Chlopeck Brothers. In 1896 the mother and son removed to Seattle, where the same business was thereafter conducted under the same name until 1900. In the latter year the business was transferred to the Chlopeck Fish Company, a corporation, the son making the transfer, and as a consideration therefor 448 shares of the capital stock of the corporation of the par value of $100 each were issued to him. In 1902 the son and the respondent Jennie Chlopeck intermarried, and the son thereupon removed from the home of the appellant where he had theretofore at all times resided. In 1903 the son was adjudged insane by the superior court of King county, and committed to the asylum for the insane where he still remains, and thereafter respondent Turner was appointed guardian of his estate. The present action was commenced on May 15, 1906, some three years after the son was adjudged insane.

Although this copartnership existed for a period of about twenty years before the son became insane, if it existed at all, yet there is not a particle of direct testimony tending to show the formation or existence of such a partnership. There is testimony tending to show that the mother advanced money for the original purchase of the business; that she took a general interest in the conduct of the business and superintended the smoking of fish; that she received no salary or wages for her services; that she drew considerable sums from the business for household expenses, and was authorized so to do, and that after the formation of the corporation such sums were charged to the personal account of the son. But all

these facts are just as consistent with the relation of mother and son as with that of copartnership, or even more so. The general statements of witnesses to the effect that the appellant had an interest in the business, or at least appeared to have, are entitled to but little weight in view of all the circumstances and the admitted relationship of the parties. Had this partnership existed for a period of twenty years we cannot escape the conclusion that some more definite trace of its existence could be found than is disclosed by this record.

The findings of the court below are in accordance with our own views of the testimony, and the judgment is therefore affirmed.

HADLEY, C. J., FULLERTON, CROW, DUNBAR, and ROOT, JJ., concur.