[No. 16632. Department One. December 7, 1921.]

## DELLA GOSA et al., Respondents, v. J. ADDISON HYDE et al., Appellants.[1]

MUNICIPAL CORPORATIONS (381, 390) — STREETS — AUTOMOBILES— NEGLIGENT USE—RATE OF SPEED—QUESTION FOR JURY. In an action for personal injuries resulting from being struck by an automobile, the question of the driver's negligence is one for the jury, where the evidence shows plaintiff was on the unpaved portion of a street used by street railway lines for the purpose of boarding a car; that the defendant was driving her car on the paved portion of the street adjoining the unpaved strip at an excessive rate of speed; that she swerved to the left to avoid a parked car, and due either to skidding on the slippery pavement or to the excessive speed preventing the driver from turning to the right quickly enough, the automobile ran off the paved portion of the street onto the unpaved portion and struck the plaintiff.

SAME (392)—AUTOMOBILES—DEGREE OF CARE—DUTY OF DRIVER— SUDDEN EMERGENCY—INSTRUCTIONS. The refusal of the court to give requested instructions dealing with the duty of an automobile driver when confronted with a sudden emergency was proper, where the evidence tended to show that the emergency, if any, arose from the operation of the automobile at an excessive rate of speed.

SAME (384, 392)—PROXIMATE CAUSE—INSTRUCTIONS. An instruction defining proximate cause as "the cause which immediately preceded and directly produces the effect, as distinguished from a remote cause" is not approved as applied to the facts in the case.

APPEAL (129)—PRESERVATION OF GROUNDS—REQUESTS FOR IN-STRUCTIONS. An instruction as to speed limits under a city ordinance was not erroneous in failing to tell the jury that the place of an automobile collision was not within the thickly settled portion of the city, but was in that part where the twenty mile limit applies, where there was no evidence, nor any requested instruction addressed to that point.

DAMAGES (126)—MEASURE OF DAMAGES—MENTAL SUFFERING AND EXPENSES INCURRED—INSTRUCTIONS. In an action for personal injuries, an instruction including mental suffering and hospital bills as elements of damages is erroneous, in the absence of pleading and proof thereon.

[1]Reported in 202 Pac. 274.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered April 14, 1921, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained by a pedestrian struck by an automobile. Reversed.

*Preston, Thorgrimson & Turner,* for appellants.

*Crowder & Crowder,* for respondents.

TOLMAN, J.—This is an action to recover for personal injuries received by respondent Della Gosa as a result of being struck by appellants' automobile. The case was tried to a jury, which rendered a verdict against appellants in the sum of $1,500, and from a judgment on the verdict they appeal.

It is first contended that the jury should have been instructed to find a verdict in favor of appellants, or, failing that, the motion for judgment notwithstanding the verdict should have been granted. This requires an examination of the evidence to determine whether it was sufficient to take the case to the jury.

The facts, either admitted or which the jury might find from the evidence submitted, are substantially as follows: The accident happened on Rainier avenue, in the city of Seattle, in front of the plant of the Black Manufacturing Company. Rainier avenue at this point has a paved roadway, on each side seventeen feet in width, and in the center is an eighteen-foot unpaved strip occupied by a double line of street car tracks. It was the custom for a special street car, bound cityward, to stop in front of the plant on the easterly track, some distance from the street intersection, to receive the employees desiring to use it at closing time in the afternoon, and on this occasion the street car was so standing when, at about 4:45 p. m., Mrs. Gosa

and some hundreds of others were released from their labors and poured out into the street, intent on going to their homes. Those going cityward boarded the standing street car, and those going in the opposite direction passed across the street to take the street car then about due, bound southward, which also customarily stopped in front of the plant at that hour to receive passengers.

Mrs. Gosa, desiring to take the approaching southbound car, stepped into the street, passed behind the standing street car, and following a number of others who were so proceeding, and followed by one or more, was passing over the unpaved portion of the street containing the tracks, when she stumbled and fell, or partly fell on her hands and one knee; her hands at least extending out over and onto the westerly paved roadway. Just at this time the southbound street car, which had for several blocks been traveling at a speed of twenty miles per hour or more, had approached so close to the usual stopping place that the motorman had applied the brakes and was bringing the car to a stop, and Mrs. Hyde, driving a Dodge touring car, who had been pacing along beside the street car, drew ahead of it, and seeing an automobile parked next to the curb on her right, turned her machine to the left to avoid it. As she passed beyond the parked car, notwithstanding the narrowness of the paved roadway upon which she was traveling, she had sufficient room to turn again towards the right and avoid striking Mrs. Gosa. Mrs. Hyde saw Mrs. Gosa fall as she swerved to the left to avoid the parked car, and was then distant from her from ten to thirty feet, as estimated by various witnesses. She and her witnesses testify that she immediately applied her brake and her automobile skidded to the left on the wet and slippery pavement,

so that the front left wheel passed off the pavement and into the space between the pavement and the nearest rail of the street car track, the automobile thus proceeded, striking Mrs. Gosa as she was in the act of arising and had nearly regained her feet; while the witnesses for respondent testify that Mrs. Hyde apparently became confused and drove her machine needlessly too far to the left when a turn to the right would have avoided the accident. However that may be, there was evidence that Mrs. Hyde was entirely familiar with the street and the conditions there to be expected; that she was driving at an excessive rate of speed, placed by some as high as thirty miles per hour, and the jury might have found that even twenty miles per hour, permissible under the city ordinance under proper conditions, was unreasonable and excessive under the conditions here shown. Reasonable minds might very well differ as to whether or not appellants' machine skidded, or, if it did, whether the skidding was caused by the excessive speed at which it was traveling, or, if the speed was not so excessive as to be negligence under ordinary conditions, that it still was excessive for that time and place, where the released employees were known to be in the habit of boarding street cars between street intersections. The case was, therefore, properly submitted to the jury.

It is next contended that the trial court erred in the giving and refusal to give certain instructions dealing with the duty of the driver of the automobile when confronted with a sudden emergency. The instructions asked by appellants, no doubt, correctly state the law and should be given in a proper case, but they take no account of the possibility that here the jury might find that the emergency, if any, was created by the negligence of the driver through the operation of her

automobile at an excessive rate of speed, rather than by the falling of Mrs. Gosa; and therefore no error was committed in this respect.

Error is assigned upon the instruction given which defines "proximate cause" as "the cause which immediately preceded and directly produces the effect, as distinguished from a remote cause." Criticism being especially made of the words "immediately preceded." We doubt if the jury could have placed the construction upon these words which appellants suggest, but can hardly commend the definition used, as applied to the facts in this case, and in the event of another trial it would be better to use the definition approved by this court in *Hellan v. Supply Laundry Co.,* 94 Wash. 683, 163 Pac. 9.

Appellants complain of an instruction as to speed limits under the city ordinance, in effect, because the court did not tell the jury that the place of the accident was not within the main or thickly settled portion of the city where the twelve-mile limit applies, but was in another portion of the city where the twenty-mile limit applies. We fail to find any evidence in the record upon this point, or any request for an instruction as to the speed limit under the ordinance at the particular place in question, and therefore cannot say that the instruction given was erroneous.

In the instruction as to the measure of damages, the trial court included mental suffering as an element to be considered in fixing the compensation, and also hospital bills. There was no allegation of mental suffering in the complaint, and no proof worthy of the name that mental suffering had resulted from the injuries. Nor was there any allegation or proof that hospital bills had been incurred. Could we determine what, if any, allowance for these items, or either of them, is

included in the verdict, we might order it reduced to that extent; but there being no way in which we can even approximate what effect these items had in fixing the amount which the jury allowed, we can only return the case for a new trial.

The judgment is reversed and the cause remanded for a new trial.

PARKER, C. J., FULLERTON, MITCHELL, and BRIDGES, JJ., concur.