REDMOND A. BOLTON, Respondent, v. ALSON WELLS, Appellant.

(225 N. W. 791)

Opinion filed June 6, 1929.

*Conmy, Young & Burnett,* for appellant.

*Carr & Rittgers* and *P. W. Lanier,* for respondent.

BURR, J. This is an action to recover for injuries received in an automobile accident. The plaintiff alleges that on November 9, 1927 he was invited by the defendant to drive to Fargo with defendant in the defendant's car and as the guest of the defendant; that while on said trip and while the defendant was driving the car the plaintiff was injured by reason of the car going into the ditch and turning over and that this accident was caused by the negligence of the defendant. Plaintiff claims that some of his ribs on the left side together with his collar bone and breast bone were broken, his left shoulder was crushed, his right shoulder and back badly injured, the ligaments in his shoulder, neck, back, side and breast badly bruised and torn and that as a result thereof he was put to the expense of hospital and medical treatment and medicine and has been permanently injured; that his doctors' bills amounted to $475 and his hospital bills to over $225; that he is an osteopath by profession and was rendered unfit to practice his profession and all in all he was damaged in the sum of $10,000.

The defendant admits plaintiff was driving with him from Jamestown to Fargo but claims that it was a joint enterprise, that the injuries which plaintiff sustained were caused by his own negligence and that so far as the defendant was concerned he was not negligent and it was an unavoidable accident. The case, was submitted to a jury who returned a verdict in favor of the plaintiff in the sum of $7,000 and judgment for $7,052 was entered. During the trial, and at the close

of the plaintiff's case, the defendant moved the court to dismiss the action for the following reasons: "First, that there is no testimony showing any negligence on the part of the defendant, Wells, proximately causing the accident and injury in question; second, the undisputed testimony shows the plaintiff to have acquiesced in the manner and method in which the defendant was driving the car; and third, the undisputed testimony shows the plaintiff to have been guilty of contributory negligence as a matter of law." And this motion was renewed by defendant at the close of the entire case.

Defendant appeals from the order entering judgment and from the judgment so entered setting forth 13 specifications of error. One specification alleges insufficiency of the evidence to justify the verdict, nine deal with instructions to the jury, two deal with the failure of the court to grant the motions for dismissal and one is levelled at rulings in the introduction of testimony.

There is practically no dispute in the evidence. Plaintiff was fifty-nine years of age at the time of the accident, was postmaster at Jamestown and an osteopath by profession. On the 9th of November 1927 the defendant invited him as his guest with some others to drive to Fargo; the plaintiff was in the back seat, on the lefthand side of a four door Packard Sedan; on the 8th of November it had rained and sleeted and having been traveled upon while it was raining and sleeting, and the day being cold the road was covered with rough ice, making it difficult and dangerous to travel. The defendant was driving and while driving at a rate of between 35 and 40 miles an hour over such roads and while in charge of the car the defendant turned his head to speak to those in the rear and took his gaze from the road and at that moment the car swerved and skidded into a ditch, heading opposite to the way it was going, turned over, and the plaintiff was thrown against the steel frame of the car and the other passengers in the back seat came down on top of him. The plaintiff was rendered unconscious, several ribs were broken, both at the back and from the breast bone, the collar bone and breast bone were broken, muscles torn, shoulders wrenched and the plaintiff has ever since been injured. Plaintiff was in the hospital the first time for seven or eight weeks and later was compelled to return to the hospital for another two weeks, he was unable to use either hand and had to be fed, and for some weeks it was

not known whether he was paralyzed on one side.  There is no question about the injuries to the plaintiff and that they are permanent.  Plaintiff had been in good health prior thereto and able to carry on his profession as an osteopath; his earning capacity from that profession was at least $4,500 a year and since that time he has been unable to do anything professionally.  It is the claim of the defendant that because he and the plaintiff were both members of the same service club and driving to Fargo to attend a meeting of another club of the same order they were engaged in a joint enterprise, but the evidence shows the plaintiff was in the car at the invitation of the defendant, who, intending to drive to Fargo, invited the plaintiff to accompany him.

The allegations of insufficiency of the evidence is based upon the claim that the evidence shows an unavoidable accident.  The defendant himself admits that while driving over such icy roads at a high rate of speed he took his gaze from the road and turned his head to speak to the passengers in the rear and the accident occurred at that instant.  There was no question but what the defendant by this act lost control of the car and the accident was the result of this loss of control.  It was an accident which happened in an emergency caused by the defendant himself.  The fact the plaintiff was a gratuitous guest does not relieve the defendant of the duty of exercising ordinary care to avoid personal injury to him.  See Grabau v. Pudwill, 45 N. D. 423, 428, 178 N. W. 124.  As said in Mitchell v. Raymond, 181 Wis. 591, 195 N. W. 855: "For a breach of such duty and consequent injury the host can be held for the resulting damage."

The court submitted to the jury the question of defendant's negligence in taking his gaze from the road under the conditions of travel, rate of speed and other circumstances and left it to the jury to determine whether this was negligence on the part of the defendant.  The jury found the defendant was negligent in his control of the car at that time and as there was sufficient evidence to justify submission to the jury, the verdict is controlling and so the allegation of error based on insufficiency of the evidence is without merit.  This disposes of the two specifications of error dealing with the failure of the court to grant the motion to dismiss the case.

During the trial of the case a witness by the name of Powell was testifying, being called by the plaintiff.  It appears that some time in

the spring following the accident the witness, with the plaintiff and defendant, were together in the James River bank and the witness testified that in the conversation between the three of them at that time the defendant said, referring to the cause of the accident, "some conversation in the back seat caused him to turn his head." It was alleged it was error to receive this testimony. There is no merit in this objection. One of the points upon which negligence on the part of the defendant is predicated is the taking of his gaze from the road while driving at a high rate of speed over the icy highway and it was necessary for the plaintiff to prove the defendant did fail to keep a watch on the road. It was proper to permit a statement by the defendant himself to go to the jury so there is no merit in this allegation of error.

The remaining allegations deal with the charge to the jury. It is claimed "the court erred in wholly failing to instruct the jury that the plaintiff could not recover if he was guilty of negligence which contributed to cause the injury even if defendant was negligent." There was no error in failing to so instruct as there is no evidence whatever of any contributory negligence on the part of the plaintiff. The evidence shows he did not know at what rate of speed the defendant was driving, he had driven many a time with the defendant heretofore and considered him a careful driver, there was nothing in defendant's actions to indicate otherwise and the mere fact of traveling on the highway that day with the plaintiff was not negligence on the part of the defendant. Thus there is no merit in this contention.

It is claimed the court erred in failing to instruct the jury that plaintiff assumed the risk of the car skidding and overturning on the ice or snow, but there was no error in refusing to do this as the plaintiff did not assume any such risk.

It is claimed the court erred in refusing to charge the jury that a mistake in judgment in a sudden emergency is not negligence and that there was nothing to show negligence afterwards on the part of the defendant after the car skidded, and that the defendant "was confronted with an emergency and there is nothing here to show but that he acted with his best degree of skill in such emergency." Further, that the court erred in refusing to charge the jury "there was no duty upon the defendant to keep his eyes constantly upon the road, ahead, and the

fact that he may have momentarily turned his head to talk to the passengers in the rear seat, or do something in connection with the operation of the car, or for any reason, is not negligence." Further, that the court erred in refusing to charge "even if you find that the defendant was driving his car at a speed in excess of 35 miles an hour at the time of the accident, that does not mean he was negligent" and that a driver might "speed up to 50 miles an hour without there being negligence on his part." The court charged the jury that—

"A person inviting another to ride in his automobile gratuitously, is not required to exercise the highest degree of care practicable as a common carrier, but is only required to exercise ordinary care in the management of his machine to prevent injury to his guest.

"I instruct you that if plaintiff knew or should by the exercise of reasonable care have known that defendant was traveling at a negligent rate of speed, considering the condition of the roads, it was his duty to protest to or warn defendant, and if he failed to do so, then he was himself negligent and cannot recover damages here under any claim of excessive speed.

"I instruct you that even if you should find defendant was negligent and that his negligence was the proximate cause of plaintiff's injury, still plaintiff cannot recover damages if it appears that he acquiesced in such negligence.

"You are instructed that if plaintiff's injury here was caused by an accident for which no one was particularly to blame, then your verdict must be for the defendant. . . .

"The court instructs you that the negligence of the driver or owner of the automobile is not imputable to a passenger in either a public conveyance or a private one when it is shown that such passenger had no authority or control over the operation of the car and did not co-operate in running the same. . . .

"The legislature of this state has imposed certain requirements upon the users of automobiles. Under our law any person driving a vehicle on a highway shall drive the same at a careful and prudent speed, not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway, and any other conditions then existing, and no person shall drive any vehicle upon a public highway at such a speed as to endanger the life, limb or property of any person.

"Our legislature has also provided a speed limit of thirty-five miles an hour on the public highways outside of the limits of incorporated towns or cities.

"I instruct you, Gentlemen of the Jury, that the driver is not an insurer of the safety of his passenger, nor in the case of a guest or gratuitous passenger is he liable as a common carrier. But he must exercise reasonable care to those entrusted or riding in his vehicle, and whether the driver has exercised the required care is a question for the jury to determine.

"The express or implied duty of the owner and driver to occupants of the car is to exercise reasonable care in its operation, and not unreasonably expose him to danger by increasing the hazard of that method of travel. He must exercise the care and diligence which a man of reasonable prudence, engaged in like business, would exercise for his own protection and the protection of his family and property, a care which must be reasonably commensurate with the nature and hazard attending the particular mode of travel.

"Failing in this duty, he will be liable to the occupant or guest in the car for injuries which are the result of such carelessness or lack of diligence."

This excerpt from the charge shows the court very favorably instructed the jury in regard to the duty which the defendant owed to the plaintiff. The defendant had requested the court to charge that a mistake in judgment in a sudden emergency was not negligence. In the case at bar it is not so much the fact of what the defendant did after the car began to swerve as what he did which contributed to the swerving. It will be noticed the defendant in his request did not incorporate the question of whether the emergency was caused by the negligence of the defendant himself. When the driver creates the emergency "he cannot avoid liability for an injury on the ground that his acts were done in the stress of emergency." 42 C. J. 891; Simonson v. Huff, 124 Wash. 549, 215 Pac. 49. See Wells v. Shepard, 135 Ark. 466, 205 S. W. 807, where it is said "one cannot shield himself behind an emergency created by his own negligence." It is a different matter "when the mistake in judgment arises in an emergency not created by the driver himself." See Wilson v. Johnson, 195 Mich. 94, 161 N. W. 924. It will be noted the request did not incorporate

reference to the acts of the defendant himself in taking his gaze from the road. While it may appear as if the statement was technically correct nevertheless there was no error in refusing to give the instruction in the form it was presented. As shown in Gosa v. Hyde, 117 Wash. 672, 202 Pac. 274, a request for instruction as to the effect of mistake in judgment in an emergency is properly refused even though it correctly states the law in so far as it goes, when the request takes no account of the possibility that the jury could find from the evidence that the emergency was created by the defendant himself. There was no error in charging the jury as to law of the road relative to speed. The question of the relative speed permissible is determined, partially at least, by the necessity of protection to those using the highway, and in connection with the power and ability to keep the car under control at all times. "An automobile driver may not violate the rules of the road and then invoke the doctrine of sudden emergency to relieve himself from liability to another who is injured as a result of his violation of such rules." Simonson v. Huff, supra. The jury had a right to consider whether the defendant was violating the rules of the road in the rate of speed he was traveling and take that into consideration in connection with the condition of the highway, the demand for prudence and care and the act of the defendant in continuing at that rate of speed while not watching the road. "A person may not operate a car at an excessive and unlawful speed so as to prevent its reasonable control in an emergency and then be permitted to say after the emergency arose that he did all he reasonably could with the means at his command to avoid the injury." Knapp v. Gibbs, 211 Ky. 278, 277 S. W. 259. The instructions of the court are to be taken as an entirety and an examination of the charge shows the court instructed the jury in regard to negligence and submitted the issue to the jury with a favorable leaning toward the defendant. The jury found for the plaintiff and no error being shown the judgment is affirmed.

Burke, Ch. J., and Nuessle, Birdzell, and Christianson, JJ., concur.