[No. 22764.   Department Two.   June 4, 1931.]

TONY POROPAT, *Respondent*, v. OLYMPIC PENINSULA
MOTOR COACH COMPANY, INCORPORATED, *et al.*,
*Appellants.*[1]

[1]Reported in 299 Pac. 979.

80

*Poe, Falknor, Falknor & Emory,* for appellants.
*Padden & Moriarty,* for respondent.

BEALS, J.—Plaintiff, during the month of December, 1928, while employed as a "faller" in a logging camp, suffered a comminuted fracture of the pelvis and other severe injuries as the result of being struck by a "wind-fall", because of which injuries he was, up to and including the month of June, 1929, totally disabled and unable to perform any manual labor. Plaintiff, feeling that he was not recovering as he should from his injuries, decided to go to Seattle to consult a physician who had treated him for an injury received prior to the December accident. He, accordingly, June 9, 1929, started for Seattle, as a passenger for hire, on a stage operated by defendant Olympic Peninsula Motor Coach Company, Inc.

While proceeding in a southerly direction, after leaving Chimacum, the road being of the ordinary graveled variety, the graded surface being between twenty-one and twenty-four feet in width, the stage left the road, entered upon a private roadway leading into a farm, broke through a closed gate approximately twelve feet from the road, struck a plow which it dragged thirty feet, and came to a stop alongside a barn to which it

did some considerable damage. It appears that, on the day of the accident, a grader had been operating along the road, and had scraped up a ridge of gravel and other loose material from the westerly side of the road (the side upon which the stage, proceeding south, would properly travel), piling the scrapings along the center of the road, the ridge being approximately twelve inches high and eighteen inches in width. Testimony introduced on behalf of plaintiff was to the effect that, as the stage rounded a slight curve to the left at a point about one hundred feet north of the gate on the lane leading into the farm, at which point there was a high bank on the east side of the road, the stage, which had been traveling to the east of the center of the roadway, turned toward the westerly side and crossed over the gravel ridge, whereupon it left the road, as above stated.

Plaintiff contended that, as a result of the jolting he received when the stage left the highway and until it came to a stop, he suffered a fracture of the skull, a fractured vertebra, and other slighter injuries, for which he claimed compensation. The action was tried to a jury, which returned a verdict in plaintiff's favor in the sum of eight thousand dollars. This verdict the trial court reduced to five thousand dollars, for which amount judgment was entered in plaintiff's favor; from which judgment defendants appeal.

Appellant United States Inter-Insurance Association was impleaded by reason of the fact that it was, at the time of the accident, surety for appellant Olympic Peninsula Motor Coach Company, Inc., and for convenience the latter appellant will herein be referred to as though it were the sole party appealing.

In his original complaint, respondent set forth specific allegations of negligence on the part of appellant which, he contended, entitled him to recover judg-

ment. Three days before the date fixed for the trial, respondent served upon appellant a copy of an amended complaint, and notified appellant that, when the action was called for trial, he would ask leave to file the same by way of a substitute for the original complaint, the amended complaint containing no allegations of specific acts of negligence, but simply alleging facts which, if proven, would render appellant liable to respondent under the doctrine of *res ipsa loquitur*. *Hayes v. Staples*, 129 Wash. 436, 225 Pac. 417. The motion for leave to file the amended complaint was by the trial court granted, and upon this ruling appellant assigns its first error, contending that respondent had no right, at that stage of the proceedings, to change its position and seek to hold appellant liable upon the doctrine of *res ipsa loquitur*.

Assuming that, under a pleading alleging specific acts of negligence, the doctrine of *res ipsa loquitur* cannot be invoked in favor of the pleader, in support of which proposition appellant cites the case of *Osborne v. Charbneau*, 148 Wash. 359, 268 Pac. 884, and 45 C. J. 1225, § 786, this rule should not be extended so as to prevent a pleader, moving as did respondent here, from filing an amended pleading. In the case at bar, respondent gave appellant three days' notice of his intended motion to file an amended complaint, and we are satisfied that in granting this motion the trial court did not err.

Appellant seems to contend that the allegations of respondent's original complaint should be considered as admissions, and that, in the absence of a claim of inadvertence, oversight, or mistake, such admissions in a pleading cannot at will be withdrawn. Granting that affirmative allegations contained in a pleading may at times be made use of by an opposing party for certain purposes, we find here no element of which appellant

may avail itself. The allegations in the amended complaint are nowise inconsistent with those in the original complaint, but are simply much less specific. Had respondent gone to trial upon his original complaint, and then sought to establish by testimony a state of facts which would result in the application in his favor of the doctrine of *res ipsa loquitur,* a different question would be presented, but, under the liberal rules now in force as to amendments of pleadings, the trial court certainly did not err in allowing the filing of the amended complaint.

■ Appellant next assigns error upon the testimony of two physicians who testified on respondent's behalf, appellant complaining that these witnesses were allowed to testify as to statements made to them by respondent concerning his physical condition, and that these statements were received in evidence as tending to prove the actual condition of respondent. These witnesses testified as to their examination of respondent and as to statements made to them by him as to pain which respondent contended he suffered as a result of injuries received at the time of the stage accident. The witnesses testified at length as to physical injuries which their examinations of respondent disclosed.

It is true that, as was held by this court in the case of *Estes v. Babcock,* 119 Wash. 270, 205 Pac. 12, statements made by an injured party to his physician are not evidence tending to prove the actual condition of the patient. We have carefully read the testimony of the physicians, both on direct and on cross-examination. While certain portions of this testimony, considered alone and apart from the context, may afford some ground for appellant's contention, we are satisfied that, considered as a whole, and particularly in view of the testimony given by the witnesses on cross-

examination, the jury could not have been misled, and that it clearly appears that the evidence complained of was received only for the purpose of showing the situation upon which the physicians based their opinions.

Under such circumstances as are here present, a physician testifying as an expert may, for the purpose of explaining the situation fully to the jury, and showing to the jury the basis upon which the physician formed his opinion, narrate statements made by the injured party as to his subjective symptoms, such statements being necessarily, as to certain injuries, the only way of conveying to the physician information upon which he may base a proper diagnosis or administer treatment. Appellant's contention that such statements on the part of respondent were submitted to the jury as evidence of respondent's actual condition is not borne out by the record, considered as a whole, and this assignment of error is not well taken.

It was, of course, a matter of considerable difficulty to distinguish between the results of the injuries suffered by respondent in December and the effects of his injuries occasioned by the stage accident. By assignments three and seven, appellant bases alleged error on the part of the trial court upon the admission of testimony given by respondent's doctors, in which they testified concerning both accidents and as to the effect of the second accident upon respondent's condition as caused by the earlier injury.

It occasionally happens that a person suffering from an accident receives a second injury. In determining the effect of the later accident, it is, of course, necessary to consider the condition of the person at the time such injury was received. This condition can only be determined by taking into consideration the prior injury. If a physician can testify as to the effect of an

injury upon a previously sound bone, it is hard to see why he cannot testify as to the effect of the same injury upon a bone which had been hurt on some prior occasion. While it is true that such testimony may often be less certain than other medical or surgical testimony, this goes to its weight only, and not to its admissibility. We find no error in the rulings of the trial court upon this branch of the case.

■ Appellant assigns error upon other rulings made by the trial court in connection with the testimony of respondent's physicians, contending, in the first place, that from this testimony the jury were led to over-estimate the injuries received by respondent in the stage accident, and minimize the disability under which he was suffering as the result of the accident in December.

We are satisfied that it cannot be held that any prejudicial error was committed by the trial court in connection with this class of testimony. Respondent naturally stressed the second accident, and appellant the first, but the witnesses for the respective parties testified at length, both on direct and on cross-examination, and it was for the jury to determine the controversy between the parties and, from the maze of conflicting testimony, find the facts.

■ Appellant attempted to cross-examine one of respondent's physicians as to his knowledge concerning the status of respondent under the workmen's compensation act subsequent to the December accident, and how respondent was rated by the state for compensation. The witness first saw respondent after the second accident, and based his opinion as to respondent's condition upon examinations made by him on the occasion of respondent's first visit to his office and during later visits. It was not disputed that respondent, after the first accident, was carried by the state

as totally disabled for the performance of manual labor, and the knowledge of the witness as to the proceedings of the state, looking to the payment of disability benefits to respondent under the law, was not particularly important.

It cannot be held that the trial court committed reversible error in restricting the cross-examination of the witness. Due to the complicated situation presented in this case, the examination of the expert medical witnesses was necessarily rather long, and complicated questions were asked and answered. We are unable, however, to find any reversible error committed by the trial court in connection with its rulings upon any of this testimony.

The following question was propounded to Dr. W. O. Copps, one of respondent's physicians, on cross-examination: "Q. You send Mr. Padden a good many cases? . . . Q. Have you sent many cases to Mr. Padden?" Objections to these questions were sustained, of which ruling appellant complains.

The witness stated on cross-examination that he had recommended Mr. Padden to respondent as a competent attorney. The witness also stated that his charge for services to respondent amounted to five hundred dollars, payment of which might depend somewhat upon whether or not respondent recovered a substantial verdict in this action. The cross-examination of the witness was not unduly restricted, and, by the questions which the witness answered, appellant elicited from him the facts in connection with the case at bar, including the possible interest of the witness therein, which were the only matters pertinent to the pending inquiry. The court did not commit reversible error in sustaining objections to the questions as to other cases which the witness might have referred to respondent's counsel.

■ It was appellant's theory of the case that the stage was traveling on the right hand side of the ridge of scrapings and that, as it approached the curve in the road, the space between the ridge and the edge of the road narrowed to such an extent that it became necessary for the driver to steer the stage, or at least the left wheels, across the ridge; that, in the ridge of trash and gravel thrown up in the middle of the road by the scraper was a concealed rock, and that, when the driver endeavored to cross the ridge, the left front wheel struck this concealed rock, as to the presence of which the driver neither had nor could have had knowledge; and that the stage was thereby deflected from its course, and that the driver, in order to avoid a serious accident and, possibly, an upset of the vehicle, turned the same down the private lane into the farm yard.

The driver of the stage, having testified as a witness on behalf of appellant, was asked on redirect examination: "I will ask you whether or not, if it had not been for the unforeseen rock, you would have had any difficulty going through that ridge." To this question, respondent's counsel interposed an objection, on the ground that the same was argumentative and called for a conclusion, which objection was sustained.

It cannot be held that reversible error was committed by the trial court in making the ruling complained of. The situation was fully explained to the jury, and testimony introduced on behalf of appellant which made its position perfectly plain. Respondent himself, concerning this ridge, testified that any car could easily go through it, and, in view of all the circumstances of the case as disclosed by the entire record, we conclude that this ruling of the trial court cannot be held reversible error.

■ Respondent contended that appellant failed to prove that the accident was caused by any rock concealed in the ridge. A passenger on the stage, called as a witness on behalf of appellant, testified in answer to a question as to what happened when the stage arrived in the vicinity of the accident:

"As near as I can recollect, or the first thing I recall was a sudden quiver of the stage, just like the stage hitting a rock. It was a kind of a lurch and a sway there. That would tell anyone that something was wrong."

Respondent moved that this answer be stricken, which motion the court granted, and upon this ruling appellant assigns error. Assuming that the answer should have been allowed to stand, the record shows that, in response to later questions by appellant's counsel, the witness testified fully as to what happened, and explained even more definitely his opinion as to the presence of a rock than he did in the answer which was stricken. Taking into consideration all of the testimony of the witness, it cannot be held that the ruling of the trial court complained of constitutes reversible error.

■ While the wife of the owner of the farm upon which the stage so unceremoniously entered was testifying as a witness on behalf of appellant, she was interrogated on direct examination as to a visit to the farm by respondent's counsel, the witness being asked, referring to respondent's attorney: "What, if anything, did he take away from there?" An objection to this question was sustained, and appellant's counsel now argue that the question was preliminary, and that appellant desired to prove by the witness that respondent's counsel had removed from the scene of the accident a rock, the assumption being that this rock was the one which caused the accident.

Appellant made no offer of proof after the court sustained the objection to the question above set forth, and for this reason, if the trial court erred in sustaining an objection to the question, appellant cannot now avail itself of such error. For all we know, the witness might have answered that respondent's counsel removed nothing from the scene of the accident, and upon such a record no error can be predicated. *Norman v. Hopper*, 38 Wash. 415, 80 Pac. 551; *Chlopeck v. Chlopeck*, 47 Wash. 256, 91 Pac. 966; *Olive Co. v. Meek*, 91 Wash. 169, 157 Pac. 460.

█ Appellant next contends that the trial court erred in refusing to give certain instructions which it requested, contending that it was entitled to have its theory of the case presented to the jury in concrete form. We have carefully read the instructions given by the court. Among them we find one very similar to one of those requested by appellant. We are satisfied that the court properly submitted to the jury appellant's theory of the case, and committed no error in failing to give the instructions requested by appellant, which appellant here contends should have been given.

█ Appellant excepted to two instructions given by the trial court, and argues that the giving of these instructions was erroneous, and requires a reversal of the judgment appealed from. In the first of these instructions, the court told the jury that it was the duty of the operator of the stage to exercise the highest degree of care to operate the same at a reasonable and proper speed, taking into consideration the known condition of the highway that could be ascertained by the exercise of the highest degree of care, etc.; and that, if the jury should find from the evidence that the speed at which the stage was operated was, according to the rule laid down by the court, other than such as was reasonable and proper under the circumstances, and

that such speed was the proximate cause of the stage leaving the road, then the jury should find for respondent. Appellant argues that, as no witness for respondent testified as to the speed of the stage, and that, as appellant's witnesses testified that the stage, at the time of the accident, was being operated between twenty and twenty-five miles per hour, no question as to speed was presented, and that the instruction was therefore erroneous and prejudicial.

We are satisfied that, considering the evidence as a whole, the instruction was not erroneous. There is evidence in the record from which the jury might have concluded that appellant's witnesses understated the speed of the stage at the time of the accident. The ridge in the middle of the road was, according to testimony, approximately twelve inches high and eighteen inches wide. We conclude that, in view of the fact that the jury was to pass upon the question of whether or not the driver of the stage was negligent in attempting to drive through this ridge at the time and in the manner he did, under all the evidence in the case, the instruction of which appellant complains was not erroneous.

By the other instruction of which appellant complains, the court told the jury that the duty rested upon appellant to exercise the highest degree of care consistent with the practical operation of its stage under existing conditions and circumstances, and that this applied not only to the actual operation and running of the stage, but applied with equal force in requiring the driver to keep a proper lookout ahead, together with observation of the condition of the road, to the end that obstructions, if any, in the road might be avoided. Appellant argues that, as there was no testimony that any rock was visible, no degree of care exercised by the driver in observing the road ahead

would have disclosed the presence of such an obstacle in the ridge, and that the instruction therefore was improper and misleading.

The instruction embodies a correct rule of law. It was for the jury to determine whether or not appellant was liable to respondent and whether from the evidence it should be found that there was in fact a rock in the ridge, and we find no basis for appellant's argument that it was prejudiced by the instruction of which it complains.

▮▮ Appellant contends that its testimony explained away any possible presumption of negligence which might arise from the fact of the accident, assuming that respondent brought himself within the doctrine of *res ipsa loquitur,* and that the jury should have been instructed, as matter of law, to find for the appellant. In support of this argument, appellant cites many authorities, but we find none which is persuasive in support of its contention. We are satisfied that the evidence presented a conflict which was properly submitted to the jury for determination. *McMillan v. Auto Interurban Co.,* 127 Wash. 625, 221 Pac. 314; *Hayes v. Staples, supra; Elliott v. Seattle Chain & Mfg. Co.,* 141 Wash. 157, 251 Pac. 117.

▮▮ Finally, appellant contends that the judgment is excessive. The jury found in favor of respondent in the sum of eight thousand dollars; this verdict the trial court reduced to five thousand dollars, for which amount judgment was entered. The trial court was of the opinion that the jury, while not influenced by passion or prejudice, failed to clearly distinguish between the injuries resulting from the first accident and those occasioned by the second, for which latter injuries only is appellant responsible. The injuries suffered by respondent in December, 1928, were undoubtedly severe. He suffered a fractured pelvis, and, as some of the

bones failed to unite, he was compelled to wear a brace. Respondent accepted the reduction in the amount of the verdict provided for in the order of the trial court. While the judgment is rather high, under all the circumstances we are constrained to hold that no further reduction should be made therein.

The judgment appealed from is affirmed.

TOLMAN, C. J., MILLARD, BEELER, and FULLERTON, JJ., concur.

[1]Reported in 299 Pac. 987.