[No. 24225.   Department Two.   March 10, 1933.]

THE STATE OF WASHINGTON, *Respondent*, v. JOSEPH BROOKS, *Appellant*.[1]

*A. W. Swanson*, for appellant.

*Charles R. Denney* and *Francis W. Mansfield*, for respondent.

BLAKE, J. — The defendant was charged with the crime of assault in the first degree. He appeals from a judgment and sentence entered on a verdict of guilty of assault in the second degree. He makes two assignments of error: (1) Insufficiency of the evidence to justify the verdict; and (2) error in sustaining objections to questions designed to attribute to the complaining witness a motive for making an assault on appellant.

[1] It is the contention of appellant that the complaining witness, Reynolds, was the aggressor in the

[1]Reported in 19 P. (2d) 924.

fray, and that appellant used only such force as was reasonably necessary for his own protection in repelling the attack of Reynolds.

The evidence is in sharp conflict as to who was the aggressor. It will avail nothing to review the testimony in detail, for, conceding that Reynolds was the aggressor and that he struck the first blow, there are two undisputed facts that made a case for the jury: (1) Reynolds was unarmed; (2) appellant used a knife, with which he inflicted six wounds on Reynolds. One of these wounds was not a mere cut, but a stab four inches deep in the region of the kidneys.

There is no evidence in the record to show the physical prowess of Reynolds or appellant—whether they were fairly matched or not. The jury saw them both and heard their versions of the fray. The doctrine of self-defense cannot ordinarily be successfully invoked when a deadly weapon is used to repel a simple assault. Unless there is great disparity in the physical strength or condition of the combatants, the one who uses such weapon himself becomes the aggressor. 5 C. J. 748. The wound inflicted by appellant might have caused death. Had death ensued, the question of appellant's justification in using the knife would have been for the jury. *State v. Churchill,* 52 Wash. 210, 100 Pac. 309. Under the circumstances, we think it was for the jury to say whether the use of the knife was justified by appellant in the exercise of his right of self-defense.

As we have stated, appellant's evidence tended to show that Reynolds was the aggressor. His counsel asked him and a witness, Mrs. Augustine, certain questions, the purpose of which, he says, was to show motive for assault upon appellant by Reynolds. Objections to these questions were sustained by the court, and the trial proceeded without offer of proof of the

facts sought to be elicited by the questions. From the questions alone there was nothing to indicate to the court whether or not the answers would be material or relevant to show motive. Under such circumstances, error cannot be predicated on the exclusion of testimony, unless an offer of proof is made, advising the court of the facts sought to be proven. *Chlopeck v. Chlopeck,* 47 Wash. 256, 91 Pac. 966; *Poropat v. Olympic Peninsula Motor Coach Co.,* 163 Wash. 78, 299 Pac. 979.

Finding no error in the record, the judgment is affirmed.

BEALS, C. J., MAIN, TOLMAN, and STEINERT, JJ., concur.