**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Marcus Anthony TORRES,**
**Defendant–Appellant.**

No. 06–30306.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 2006.

Filed Jan. 5, 2007.

James P. Hagarty, Esq., Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Rebecca L. Pennell, Esq., Federal Defenders of Eastern Washington & Idaho, Yakima, WA, for Defendant–Appellant.

Before: B. FLETCHER and McKEOWN, Circuit Judges, and SCHWARZER,* District Judge.

## MEMORANDUM **

Marcus Anthony Torres appeals the district court's denial of his suppression motion and its application of a four-level enhancement for possession of a firearm in connection with another felony offense. We affirm.

■ Our review of the record convinces us that Mr. Torres's act of showing the police the guns' locations did not stem from any illegal governmental activity.[1] *See New York v. Harris*, 495 U.S. 14, 18, 110 S.Ct. 1640, 109 L.Ed.2d 13 (1990). The evidence indicates that Mr. Torres's will was not "overborne" when he led officers to the guns, but rather that he was responding to the suggestion of his girlfriend, Ms. Huerta, that he cooperate. *See Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir.2005); *Henry v. Kernan*, 197 F.3d 1021, 1027–28 (9th Cir.1999); *United States v. Leon Guerrero*, 847 F.2d 1363, 1366 (9th Cir.1988). It was Torres's independent act, which did not stem from any government illegality, that allowed the police to obtain the gun. Because this act was not sufficiently related to the prior protective sweep, nor to Huerta's consent to search the house, we need not reach the issue of whether those acts were lawful.

*See United States v. Crawford*, 372 F.3d 1048, 1058 (9th Cir.2004). The district court did not err in denying Mr. Torres's suppression motion.

■ Because Mr. Torres used the firearm in connection with a felony assault, the district court correctly applied the four-level enhancement under section 2K2.1. *See* U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) & cmt. n. 4 (2005); *see also United States v. Rutledge*, 28 F.3d 998, 1003–04 (9th Cir.1994); *State v. Eastmond*, 129 Wash.2d 497, 919 P.2d 577, 578 (1996) (state may prove second degree assault by showing (1) an attempt to cause bodily injury by unlawful force accompanied by the apparent ability to cause bodily injury; or (2) an attempt to cause fear and apprehension of bodily injury by unlawful force, regardless of intent or ability to inflict injury); *State v. Miller*, 71 Wash.2d 143, 426 P.2d 986, 988 (1967) (fact-finder may infer intent to create fear from the defendant's act of pointing a gun at the victim). Mr. Torres cannot claim self-defense because a reasonably prudent person would not have escalated the conflict by shooting toward the men who were throwing rocks at his house. *See State v. Walden*, 131 Wash.2d 469, 932 P.2d 1237, 1239 (1997); *State v. Brooks*, 172 Wash. 221, 19 P.2d 924, 925 (1933).

### AFFIRMED.

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We note that the government had probable cause to arrest Torres based on eye-witness testimony that he shot randomly from his doorway into a crowd, and that he had been informed of his *Miranda* rights before officers questioned him about the gun. *See Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); *United States v. Lancellotti*, 761 F.2d 1363, 1367 (9th Cir.1985); *United States v. Sears*, 663 F.2d 896, 903 (9th Cir.1981).