JONES BEACH BOULEVARD ESTATE, INC., Respondent, *v.* ROBERT MOSES et al., Appellants.

(Argued June 11, 1935; decided July 11, 1935.)

*John S. Russell* and *Raymond P. Mc Nulty* for appellants. The easements reserved gave to the respondent only the right to an entrance to the paved portion of the causeway, but gave it no right to cross the paved roadway by making left turns after the adoption by the Commission of the regulation. (*Commissioners of Palisades Interstate Park* v. *Lent,* 240 N. Y. 2; *Ryan* v. *Preston,* 59 App. Div. 97; *Palmer* v. *Larchmont Electric Co.,* 158 N. Y. 231; *Black-*

man v. *Striker*, 142 N. Y. 555; *Lincoln S. D. Co. v. City of New York*, 210 N. Y. 34; *Wabash R. R. Co. v. Defiance*, 167 U. S. 88; *People ex rel. New York Electric Lines Co. v. Squire*, 107 N. Y. 593; *Brick Presbyterian Church v. City of New York*, 5 Cow. 538; *Northern Pacific Ry. Co. v. Duluth*, 208 U. S. 583; *N. O. Public Service v. New Orleans*, 281 U. S. 682; *Sauer v. City of New York*, 180 N. Y. 27; *Miller v. State*, 229 App. Div. 423.) The Commission's regulation was reasonable. (*Town of Islip v. Summers*, 257 N. Y. 167; *Stephenson v. Binford*, 287 U. S. 251; *Matter of Wulfsohn v. Burden*, 241 N. Y. 288; *Ganly v. Steel Storage & Trucking Corp.*, 259 N. Y. 396; *Carolina Ry. Co. v. Lincolnton*, 33 Fed. Rep. [2d] 719; *Commissioners of Palisades Interstate Park v. Lent*, 240 N. Y. 1; *Commonwealth v. Nolan*, 189 Ky. 34; *Cavanaugh v. Gerk*, 280 S. W. Rep. 51; *Cincinnati v. Baumgartner*, 25 Ohio N. P. 20; *Safee v. City of Buffalo*, 204 App. Div. 561.) Respondent has failed to show any injury. (*Delaware Hudson S. S. Co. v. Commissioners of Palisades Park*, 222 App. Div. 535; *Miller v. State*, 229 App. Div. 423; *Sauer v. City of New York*, 180 N. Y. 27; *Tenement House Department v. Moeschen*, 179 N. Y. 325; *Matter of McIntosh v. Johnson*, 211 N. Y. 265; *N. Y. & N. E. R. R. Co. v. Bristol*, 151 U. S. 556.)

*Samuel R. Wachtell* and *Harold J. Manheim* for respondent. The easements reserved gave respondent an effective right of way across the causeway from one side to the other. (*Burke v. Metropolitan District Commrs.*, 159 N. E. Rep. 739; *Pittsburg & S. R. Co. v. Central Trust Co.*, 156 App. Div. 182; *Vickers v. Electrozone Co.*, 67 N. J. L. 665; *Harper v. Hochstim*, 278 Fed. Rep. 102; *Williams v. Hathway*, 6 Ch. Div. 544; *American S. S. Co. v. Wickwire Spencer Steel Co.*, 42 Fed. Rep. [2d] 886; *Employers Liability Assur. Corp. v. Morrow*, 143 Fed. Rep. 750.) The ordinance deprived respondent of its property without due process and without just compensation, and impaired

the obligation of the contracts between respondent and the park commission. (*Saratoga State Waters Corp.* v. *Pratt*, 227 N. Y. 429; *United States* v. *Lynch*, 188 U. S. 445; *Story* v. *N. Y. Elevated Ry. Co.*, 90 N. Y. 122; *Waldorf-Astoria Hotel* v. *City of New York*, 212 N. Y. 97; *Detroit City Ry. Co.* v. *Mills*, 85 Mich. 634; *Nichols* v. *Ann Arbor*, 87 Mich. 361; *Randall* v. *Jacksonville St. R. R. Co.*, 19 Fla. 409; *Williams* v. *City Electric Street Ry. Co.*, 41 Fed. Rep. 556; *Limburger* v. *San Antonio Rapid Transit*, 30 S. W. Rep. 533; *Reining* v. *N. Y., L. & W. R. Co.*, 128 N. Y. 157; *Gallway* v. *Metropolitan Elevated R. R. Co.*, 128 N. Y. 132; *Donovan* v. *Pennsylvania Co.*, 199 U. S. 279; *Sturges* v. *Crowinshield*, 4 Wheat. 122; *Planters Bank* v. *Sharp*, 6 How. 301; *Brownlow* v. *O'Donoghue Bros.*, 276 Fed. Rep. 636.) The application of the ordinance to respondent's land is unreasonable and causes continuing damage. (*Reis* v. *City of New York*, 188 N. Y. 58; *People ex rel. City of Olean* v. *Western New York Traction Co.*, 214 N. Y. 526.)

FINCH, J. In 1926 the Commissioners of the Long Island State Park Commission, a State body organized to acquire lands in Nassau and Suffolk counties for use as State parks and parkways, acquired certain portions of the common lands of the town of Hempstead and commenced the erection thereon of the present Jones Beach State Park. The park is connected with the mainland and the city of New York by an elaborate system of highways, under the exclusive jurisdiction of the Commission. As part of the plan a causeway had to be constructed over Great South bay to the mainland and thence to Merrick road. This necessitated the acquisition of land along the north shore of Great South bay. Jacob Marinoff, the predecessor in title of the plaintiff, urged the Commission to locate the parkway on his land, and on September 24, 1926, made a written agreement with the Commission, whereby he " in order to induce the party of the second part [the Com-

mission] to give extra consideration to the land of the party of the first part [Jacob Marinoff] as a place to locate said parkway," offered to convey to the People of the State of New York a strip of land 160 feet wide, running through his property and connecting Jones beach with Merrick road. The Commission thereupon duly accepted Marinoff's offer and the latter conveyed to the People of the State, in fee simple, a strip of land for parkway purposes running through his property for a distance of about two miles from the Merrick road to Great South bay, upon the condition that the strip of land be improved as the approach to Merrick road from Jones beach. The deed contained the following provision: " Said ' owner ' [Marinoff] hereby reserves eighteen rights of way over and across the lands hereby conveyed to be used only as private driveways or roadways connecting the lands of the ' owner ' adjacent to the lands hereby conveyed, with the proposed driveway or roadway to be located on the lands hereby conveyed. The general location of such private driveways shall be as follows: One on each side of said land hereby conveyed at distances of approximately one thousand feet and so located that they will not be opposite each other; the exact location and the manner of the construction, maintenance and use of said private driveways shall be according to plans, specifications, rules and regulations to be submitted to and approved by the Long Island State Park Commission."

In 1928 Marinoff conveyed the remainder of his lands to the plaintiff. The latter in 1930, for a consideration of upwards of $80,000, conveyed to the county of Nassau two additional strips of land forty feet wide, on each side of the causeway. This was pursuant to an arrangement between the plaintiff, the county of Nassau and the defendants, whereby the county was to acquire the property for the Commission, to be used for landscaping on the sides of the highway. In this deed there was contained the following provision: " As a further considera-

tion it is agreed that the easements or rights of way reserved to the Jones Beach Boulevard Estate, Inc., by the Long Island State Park Commission over the said Jones Beach Causeway shall be extended to the lands of the Jones Beach Boulevard Estate, Inc., across the lands hereby conveyed."

Subsequently, for a consideration of $50,000, the plaintiff conveyed to the Commission approximately sixteen acres of land and in addition released thirteen of the original eighteen rights of way which had been reserved in the original deed. At that time the plaintiff and the defendants executed an agreement in writing, whereby each of the five remaining rights of way was definitely located.

Thereafter the Commission adopted the following ordinance: " No complete turn or U-turns shall be made on a parkway except around a plaza. No left turn may be made except where specifically allowed by an officer or by a traffic direction sign."

The ordinance prevents an automobile from crossing the roadway except at a regular crossing or a plaza. There is no such crossing or plaza between the plaintiff's property and the beach itself, a distance of about five miles. As a result, a person entering the parkway from one side of plaintiff's property and desiring to return to the city must travel in the opposite direction until he reaches Jones beach before he can turn to travel in the direction he wishes to go. The plaintiff instituted this action to enjoin perpetually the Commissioners from enforcing the ordinance, in so far as it applied to the five entrances into the causeway from its property, on the ground that the original deed reserved rights of way across the parkway from the land remaining in the grantor on one side of the road to the land remaining in the grantor on the other side. The action was tried at Special Term and judgment was rendered in favor of the defendants, dismissing the complaint. On appeal to the Appellate Division the judg-

ment was reversed and the relief sought granted, two justices dissenting.

The easements reserved gave the plaintiff only the right to an entrance to the paved portion of the parkway by crossing over the unpaved strip of land which separated the lands retained by it from the paved parkway. The deed did not state that the rights of way were to be used as roadways " connecting the lands of the Owner." What it did state was that they were to be used as roadways " connecting the lands of the ' Owner ' * * * with the proposed driveway or roadway." The strip conveyed to the Commissioners was 160 feet wide. It was apparent that there would be unpaved strips on both sides of the paved roadway and the purpose of the reservation was to assure the grantor of the right to bridge this gap from his land to the parkway. This view is confirmed by the fact that the deed provided that the rights of way were to be " so located that they will not be opposite each other."

The plaintiff also contends that as an abutter it has an easement of access and the ordinance is an unreasonable restriction on this right. The rights of an abutter are subject to the right of the State to regulate and control the public highways for the benefit of the traveling public. (*Sauer* v. *City of New York*, 180 N. Y. 27; *Ryan* v. *Preston*, 59 App. Div. 97.) (See *Perlmutter* v. *Greene*, 259 N. Y. 327; *Kane* v. *N. Y. Elevated R. R. Co.*, 125 N. Y. 164, 176. Cf. *Miller* v. *State*, 229 App. Div. 423; *Farrell* v. *Rose*, 253 N. Y. 73.) Although the abutting owner may be inconvenienced by a regulation, if it is reasonably adapted to benefit the traveling public he has no remedy unless given one by some express statute. The evidence shows that the Commission adopted the ordinance after careful investigation. The volume of traffic on this highway to Jones beach is heavy throughout. the year. This parkway was designed so as to eliminate grade crossings and the necessity for traffic lights. Where a

road is freed of grade crossings and traffic lights and left turns are not permitted, more people may travel in less time. Moreover, left turns are recognized generally as dangerous. A regulation or ordinance adopted to speed up traffic and eliminate danger is reasonable. In *Commissioners of Palisades Interstate Park* v. *Lent* (240 N. Y. 1, at p. 8) this court, in sustaining a regulation limiting to certain specified routes cars operated for hire, said: " What is reasonable is in large part tested by what is ordinary usage and common experience and in these days when, as we all know, very exact rules are adopted to govern motor traffic in congested centers, plaintiff's regulations seem a quite moderate exercise of power. The ' one way street ' and the ' no left turn ' have prepared us to accept the restrictions of which defendant complains as quite reasonable and in accordance with common experience. (*Robbins* v. *U. S.*, 284 Fed. Rep. 39.)" It is obvious that it cannot be said that this ordinance " passes the bounds of reason and assumes the character of a merely arbitrary fiat." (*Town of Islip* v. *Summers C. & L. Co.*, 257 N. Y. 167, 169.) It is uniform in its application. The plaintiff, once upon the highway, is treated no differently than is any other member of the traveling public.

Substantial injury to the plaintiff is not shown at present. If conditions change so as to make the ordinance unduly burdensome, the Commission may grant an exception, as provided in the ordinance.

The judgment of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS and LOUGHRAN, JJ., concur; CROUCH, J., not sitting.

Judgment accordingly.