[File No. 6396.]

ELMER KING, Respondent, v. COUNTY OF STARK, a Municipal Corporation, The State of North Dakota, Department of State Highways, and W. J. Flannigan as Highway Commissioner of the State of North Dakota, Appellants.

(266 N. W. 654.)

Opinion filed March 20, 1936.   Rehearing denied April 25, 1936.

*P. O. Sathre,* Attorney General, and *W. J. Austin,* Assistant Attorney General, and *Theodore Kellogg,* State's Attorney, for appellants.
*William Langer,* and *T. F. Murtha,* for respondent.

BURR, J.   Plaintiff alleges that the highway department of this state let a contract for the grading of a public highway running through his farm; that the contemplated improvement includes a seven-foot grade which comes within a few feet of his buildings, and, because of the location and the topography of the country, his house will be cut off from the remaining buildings and the grade will destroy his feeding plot; that access to the barns from the house will be cut off and he will be required to travel about half a mile from his house to his barns; that this contract was let without granting him a right to be heard and without making any plans to compensate him for any damages which he may suffer.

The complaint fails to allege that the highway sought to be improved is not on a section line; that the grading is unnecessary or the acts arbitrary; that the access from the house to the road and from the barns to the road has been prevented; nor does plaintiff claim the defendants refuse to permit him to build a connection or deny him access at another point.

Coincidental with the service of the complaint there was also served an order to show cause why the defendants should not be enjoined from making the proposed improvement—the order being based upon the verified complaint and the affidavit of counsel for the plaintiff setting forth facts stated in the complaint.

A restraining order was issued and came on for hearing on November 4, 1935.   At that time the defendants demurred to the complaint on the ground that the complaint did not "state facts sufficient to constitute a cause of action" and that "the court has no jurisdiction of the defendants or the subject of the action."

The defendants filed affidavits which showed that the highway sought to be improved is on a section line; that the road is open to

the width of two rods on each side of the section line, and no more; and that this is the status of the road as it passed the buildings of the plaintiff. There is no dispute as to these facts. Neither is there any claim that the proposed improvement is unnecessary, or arbitrary, or made maliciously.

It is conceded the state highway department has the right to make the improvement planned; that the highway is on the section line, which runs between the premises owned by the plaintiff and the premises of one Annie King; that the house is on the latter premises and the barns, etc. on the plaintiff's premises. The defendants are not using any portion of the land for the building of the grade except the strip two rods wide on each side of the section line.

At the hearing it was stipulated expressly "that the record title owner of the premises east of the proposed roadway" is the wife of the plaintiff; that she resides therein and it is not occupied as a homestead; "that the Northern Pacific Railway tracks run east and west and are about 600 feet south of the buildings, and that the grade is being made by reason of the fact that the highway department is constructing an overpass over the said Northern Pacific Railway tracks;" and further, that where the road abuts the property on the north "that the road will be raised four feet, and it continues upgrade until it reaches the south end of King's property, or abreast of it, where the elevation is being raised seven per cent., and at a point in front of King's buildings the grade is seven and eight tenths feet."

The trial court found that some of the buildings of the plaintiff are actually on the right of way, and others appear to be about six inches to two or three feet from the edge of the road, and that if the grade is raised up to said height already mentioned opposite these points and near these barns and buildings; then "there is reasonable grounds to believe that such building of said road will be a barrier to the plaintiff in going from one side of the road to the other, that is, that it will form a barrier between the dwelling house on the east side or road and barns on the other; that there is reasonable grounds to believe that there will be a shutting off of the access to the dwelling house by the raising of said grade; that there is reasonable grounds

to believe that there will be a shutting off of the access to said barns;
. . ." The court enjoined the defendants from building the grade or building the road "as it passes along the cast side of lots 13 to 24 inclusive in Block 17 of O'Connor's Addition to the City of Belfield, . . . until such time the damage is ascertained and damages paid to plaintiff or into court in the manner provided for by law in such cases," and defendants appeal.

The sole purpose of this action is to enjoin the State from making this improvement. On the return to the order to show cause the defendants specifically point out in the affidavit of the State's Attorney that the complaint fails "to state any grounds upon which a restraining order may possibly be issued, and failed to state facts sufficient to constitute any cause of action in injunction or for a restraint, temporary or otherwise." The same affidavit shows that the plaintiff had no title to a portion of the land; that the grade was "to be constructed only to the width of two (2) rods on each side of such section line at the point where it adjoins the property of the Plaintiff;" that this strip two rods on each side of the section line had been reserved, dedicated and granted to the state of North Dakota by the United States and that "said property has been opened, by the Board of County Commissioners of Stark County, North Dakota, as a highway by appropriate action of said Board."

This matter was brought to the attention of the trial court at the time of the hearing and was before the court for determination even though the demurrer did not come on for hearing. There is no denial of the facts set forth in the State's Attorney's Affidavit—in fact, they seem to be conceded. Neither does the record show any relationship between "the addition to the City of Belfield," mentioned in the order, and this highway.

An application for a temporary injunction should be denied where the complaint does not show a cause of action. The complaint must show a right to a judgment of injunction, and defects therein cannot be supplied by affidavit. McClure v. Hunnewell, 13 N. D. 84, 99 N. W. 48. This relief can be obtained only in the manner prescribed by § 7529 of the Compiled Laws, and this presupposes a valid com-

plaint which states facts entitling him to the order granted or sought. Forman v. Healey, 11 N. D. 563, 93 N. W. 866. The complaint must contain the averments which, if proven, would entitle the plaintiff to the relief demanded. This rule holds good in the case at bar even though in the case cited the facts differ. That the complaint must contain facts which show the plaintiff entitled to the relief is set forth in Burton v. Walker, 13 N. D. 149, 100 N. W. 257.

The highways belong to the state. The state has an easement on the section lines to the width of two rods on each side for highway purposes. From the very beginning of territorial days down to and including the present time section lines have been declared to be public highways. As shown in Hillsboro Nat. Bank v. Ackerman, 48 N. D. 1179, 189 N. W. 657: "All section lines, under the grant of congress of 1866, § 2477, Revised Statutes (43 U. S. C. A. § 932) having been accepted by chapter 33, Laws of Dakota Territory 1871, became public highways from the time of the congressional grant." The grading and maintaining of highways on section lines is a governmental function. The plaintiff does not dispute this, nor does he object because the State is using soil from the four-rod strip to build the grade leading to the overpass.

"The public is entitled to the full and free use of all the territory embraced within a highway in its full length and breadth." Radford v. Calhoun, 165 Va. 24, 181 S. E. 345, 100 A.L.R. 1378.

In support of his contention he cites § 14 of the Constitution of this State which provides that: "Private property shall not be taken or damaged for public use without just compensation having been first made to, or paid into court for the owner, . . ."

Under the showing made the only property plaintiff can claim to be affected is the right of access to his own property. The grading does not divide the farm. The section line, which is a regular highway, does this, and plaintiff does not own the portion east of the road. While an abutting owner has the right of access, this is not paramount to the right of the State. It is subject to the superior right of the public even to the extent that the State may designate, in the interest of public safety and public rights, portions where access will not be permitted. When the plaintiff erected his buildings and laid out his

farm, he knew that the State had the paramount right to use the strip and from time to time could grade the road as necessity required. The State is not preventing him from entering his property from the grade or coming on to the road from his buildings. The State is not preventing him from bridging the gap or constructing an underpass, nor does it appear the State refuses to do this for him. It is not even claimed the State is attempting to interfere with this right. It still exists.

"The rights of an abutter are subject to the right of the State to regulate and control the public highways for the benefit of the traveling public. (Cases cited.) Although the abutting owner may be inconvenienced by a regulation, if it is reasonably adapted to benefit the traveling public, he has no remedy unless given one by some express statute." Jones Beach Boulevard Estate v. Moses, 268 N. Y. 362, 197 N. E. 313, 315, 100 A.L.R. 487, 490. It will be noted that the reasonableness of the regulation affecting the right of access is its reasonableness as tested by the right of the traveling public in the highway. In the case at bar the reasonableness of building a grade as approach to an overpass is not questioned. This New York case says the abutting owner's right of access is not unreasonably restricted, under the facts of that case, even though "its effect may be to require him to travel five miles in a direction opposite to that in which he desires to go in order to reach a turning place, where no substantial injury is shown." In the case cited the abutting owner was not permitted, on entering the highway, to turn to the left. In the case at bar there is no claim that he is not permitted access to the highway at any place—the assumption is that in order to use this access someone would be required to build an approach, or that in crossing the highway at the point he desires he would be required to go over a ridge. There is nothing to indicate that this desired crossing is in itself a public highway.

In Illinois Malleable Iron Co. v. Lincoln Park, 263 Ill. 446, 105 N. E. 336, 51 L.R.A.(N.S.) 1203, the court shows that the appellant therein was claiming that "as an abutting property owner it has a special right in the highway as a means of access to its property, and of enjoyment of the free and convenient use thereof. . . . What it

complains of is the restriction upon appellant's right to use the boulevard after it has been established, which amounts, as it claims, to a deprivation of its property without compensation." The court held, however, "The power of the legislature over public streets, so far as the public interest is concerned, is absolute, and it may change their control at its pleasure, . . ." In this Illinois case cited the court shows that appellant contended that its right of access to its own property was interfered with, and that this right is its private property which the commissioners have no right to destroy without making compensation therefor. The court said "Owners of property bordering upon a street have, as an incident of their ownership, a right of access by way of the streets which cannot be taken away or materially impaired without compensation." But inconvenience is not construed as materially impairing. If it were otherwise, the State could never grade a highway past any farm as almost invariably there would be a ditch on either side which would more or less interfere with the ingress or egress to the abutting property.

It is well settled that the State may prevent access to the road at certain places where public safety requires it and thus may interfere with or even prevent access at a specific point and shut it off entirely. But this is not the damage to private property prohibited by the Constitution. Access at another point must be allowed even though it may be less convenient. It is true the record indicates that in going from the house which he does not own to the barns where plaintiff keeps his stock and on land that apparently he does own, he will be required to take a circuitous way unless a causeway or grade of some kind is built across the proposed grade or underpass given so as to allow him to cross at the place where he crosses now. The grade is said to be a barrier, but the State has a right to build the grade—in fact, it is its duty to do so as the beginning of a slope to an overpass over railroad tracks, the pass being built for the convenience and safety of the public. The right of access to his own property is not the right of access at a specific spot.

We do not determine whether the State, in building and grading its highways on section lines, is required to build an approach or grade or crossing for an abutting owner. The plaintiff may build a cause-

way, or a fill, with the proper culverts, or such other approach as may be necessary within the sound discretion of the State as to the place and manner. The right cannot be taken away from him. The plaintiff does not claim that the defendants deny him the exercise of the right, and we do not say he can lay this burden upon the State. That this may be done frequently does not bind the State to do so. As stated in State Highway Bd. v. Baxter, 167 Ga. 124, 144 S. E. 796, 800, the abutting owner "If necessary to enable him to reach the traveled part of the road, he has the right to bridge a ditch or construct a grade for that purpose, but in so doing he has no right to willfully obstruct such ditch or highway, his rights as a private landowner being subordinate to the public right of construction and keeping the highway in repair." This statement is supported by a long list of authorities cited.

The State, under its police power promoting the public safety and convenience, could build walls or fences along grades. In the exercise of its discretion, it may erect and maintain, guard rails, stretch wires, and use such other devices to render safe the travel of such highway (subd. 11, § 4, c. 159, Laws of 1927) and this may be done on the extreme edge of the right of way, if necessary. The abutting owner may not complain, provided he is given access at some other point. His right must yield to the right of the State.

Section 14 of the Constitution, already quoted, is not applicable. While the fee to the west side of highway is in the plaintiff, he makes no claim that the State may not grade or ditch that highway. His claim is that the remaining portion of his farm is being damaged. The defendants are not taking any part of this remaining portion. It remains exactly as was contemplated. If the act of the defendants was to take any part of this remaining portion, either permanently or temporarily, then his private property might be said to be damaged. The improvement of the highway, on the highway itself, is not taking any of the plaintiff's property.

Plaintiff cites Logan County v. Adler, 69 Colo. 290, 194 P. 621, 20 A.L.R. 512, but that case involved a situation similar to the case of Mayer v. Studer & M. Co. ante, 190, 262 N. W. 925, where the building of the highway resulted in the overflow of the remaining

portion of the farm and damaged it, thus .damaging private property in violation of § 14. of the Constitution.

The right acquired by the public in the road was not simply the right to travel but included the right to improve the grade and to make such necessary improvements as would render the road fit for travel in safety and convenience. This is true where the road has been established by condemnation proceedings. See Pillings v. Pottawattamie County, 188 Iowa, 567, 176 N. W. 314. It is just as true where the road has been secured through dedication by the United States.

Where the state, acting in its sovereign capacity, does an act which it is authorized to do, the fact that incidentally injuries may accrue to another does not necessarily give that person a right of action. The private right must give way to the public right, and unless the law specifically gives the right of recovery, then no recovery can be had. It is not claimed that there is any statute which says that the abutting owner may recover damages because his freedom of access to the road has been marred by reason of a ditch or grade wholly on the highway.

The abutting owner has no right to demand that the natural grade be maintained or damages be awarded him if changed. In any event, as shown by Dean v. Millard, 151 Mich. 582, 115 N. W. 739, "The highway authorities have a legal right in making highway improvements to make a ditch along the roadbed, and thereby render the highway less accessible to an abutting owner who cannot recover for the injuries sustained." In Highway Comrs. v. Ely, 54 Mich. 173, 177, 19 N. W. 940, 942, the court said, with reference to the building of a ditch along a highway: "If, therefore, in this case the ditch in question was such an ordinary ditch as the good of the road should dictate, if the sole end of constructing it was to improve the road and the consequent benefit to the public, and if in carrying out this object it became either necessary or expedient to dig the ditch in front of the defendant's premises and past his gateway, the commissioner or overseer acting under his directions, had a right to do it; and if in the execution of this power, which was entirely in their discretion, they dug the ditch to such depth and width as to render it impassable for teams or vehicles going in or out of defendant's fields, they would incur no liability to defendant. It would be the performance of a public

duty and the exercise of lawful authority from which, if defendant suffered injury, it would be damnum absque injuria. There is no liability for doing an act which is either directed or authorized by a valid statute, if performed with reasonable care and skill."

The abutting owner has the right to use a highway in common with the rest of the public; and he has also the special right of access, which includes the right of egress, ingress, and regress. Yale University v. New Haven, 104 Conn. 610, 134 A. 268, 272, 47 A.L.R. 667; Opinion of Justices, 208 Mass. 603, 605, 94 N. E. 849. The State cannot cut off this right except that, its right to the highway being paramount, it has more or less supervision over the place of access. It cannot shut it off entirely such as by the building of a fence or wall on the edge of the highway without proper opening. In such case his remedy would be to compel proper access. But it is not claimed that the State has shut off this right. It appears to be rather the question upon whom will the cost of the approach fall.

The plaintiff cites a number of cases dealing with the change of grade of a city street and the right of abutting owners to compensation from the municipality. This is an entirely different proposition and not involved here.

The plaintiff cites Donovan v. Allert, 11 N. D. 289, 91 N. W. 441, 58 L.R.A. 775, 95 Am. St. Rep. 720, and Rothecker v. Wolhowe, 39 N. D. 96, 166 N. W. 515. Neither is in point. The former was concerned with an additional servitude on a city street, and the latter involved an action where the owner was enjoined from obstructing a road laid out through his land after acquiescing in the establishment of the road.

Plaintiff cites § 1929 of the Compiled Laws which provides a method for the ascertainment of damages for laying out, altering, or discontinuing a road; but this section does not apply. The State is not laying out, changing the course of, or discontinuing a road. The case of Pueblo v. Strait, 20 Colo. 13, 36 P. 789, 24 L.R.A. 392, 46 Am. St. Rep. 273, and numerous other cases cited by the plaintiff, involve rights to the street given to third persons. The case mentioned concerned a matter where a railroad company was given an easement in a city street and the erection of a viaduct was said to be such damage to

defendant's ingress and egress as entitled him to compensation. But this is not the situation here. No private person is being given any special right to the highway. These cases must be distinguished from a case where the State is discharging its functions and exercising its police power for the public only. This case also is clearly discernible from those where a public or a private nuisance is being established in a street and where the abutting owner has a special interest therein so as to enjoin the continuance of the nuisance. Many of the principles referred to by the plaintiff apply to such conditions. They are not applicable here.

The defendants are doing what they have a right to do. When doing what they have a right to do, and doing it properly, the fact that the act inconveniences the plaintiff does not subject them to a suit for damages. The complaint did not state a cause of action and therefore the order granting the temporary injunction is reversed.

BURKE, Ch. J., and CHRISTIANSON and MORRIS, JJ., concur.

NUESSLE, J. (Specially concurring.) I am unable to subscribe to all that is said in the foregoing opinion. I am of the opinion that, depending upon the circumstances, an action will lie for the recovery of consequential damages for injuries resulting to property adjacent to a highway by reason of the improvement thereof. I think, however, that in the case at bar there is not such a showing as entitles the plaintiff to injunctional relief and therefore concur in the result.

BURR, J. (On petition for rehearing.) The plaintiff complains because the court made reference to the demurrer to the complaint and says: "The appeal is not from any demurrer to the complaint. The appeal is merely from an order in a provisional remedy in connection with the action granting a temporary injunction."

The opinion shows that: "The sole purpose of this action is to enjoin the State from making this improvement." In determining the right to an injunction, however, we must know whether the complaint states a cause of action.

Petitioner says: "the only question before this court . . . was whether or not the plaintiff had an adequate remedy at law;" then

adds, "There cannot be any question but what the plaintiff did have an adequate remedy at law, because it is a well-settled rule that either a state, county or highway commission is liable to an abutting land owner for damages done to his land, and they are suable." This practically ends the controversy as it is a well-settled rule of law that ordinarily an injunction will not be granted when there is an adequate remedy at law. See 14 R. C. L. p. 341 and cases cited; also Bartels Northern Oil Co. v. Jackman, 29 N. D. 236, 150 N. W. 576; Strobeck v. McWilliams, 42 N. D. 30, 171 N. W. 865.

Petitioner says: "The court in its opinion refers to certain concessions and stipulations made. Counsel for the petitioner cannot find anything in the brief of opposing counsel as to any concessions or stipulations and is informed that no transcript of settled statement of the case was made of any hearing. It appears from the briefs that the order of the lower court was based upon the complaint and the affidavits. Consequently those concessions and stipuulations must have been made at the hearing before the Supreme Court."

The counsel has overlooked the record in this case. This record, as certified to this court, includes a transcript of proceedings in the lower court at the time of the hearing on application for the temporary injunction, and sets forth the stipulations to which this court referred. But petitioner now says that no matter what stipulations and concessions may have been made "counsel for petitioner after making an investigation can assure this court that these stipulations and concessions do not square with the actual facts which facts will be shown in a subsequent action for damages if the plaintiff is not barred by the opinion in this case from doing so." Relief from stipulation can be had in proper proceedings.

Petitioner says it is true that the right of compensation is not involved here, but that this court goes ahead and decides the matter of compensation. In this the petitioner is mistaken. We decide that the plaintiff is not entitled to a temporary injunction under the showing presented to us here.

The petitioner complains because this court, in reference to the wife says: "that she resides on the land, and it is not occupied as a homestead." The stipulation made by the parties at the hearing so states.

It is part of the record here, and there is nothing in the record showing the husband lives on the land east of the road. Reference was made to this feature to show that the allegation in his complaint as to the ownership of all of this land affected is not in harmony with the stipulation made at the time of trial. To determine the issue presented to us we were required to consider the complaint, the affidavits for and against the application for injunction, and the stipulated facts. From these we determine plaintiff has not shown himself entitled to an injunction. The petition for rehearing is denied.

BURKE, Ch. J., and CHRISTIANSON and MORRIS, JJ., concur.