George MONDY, Plaintiff and Appellant,

v.

Selmer GJESDAL, Defendant and Respondent.

No. 8057.

Supreme Court of North Dakota.

July 27, 1963.

Grimson & O'Keefe, Grafton, for plaintiff and appellant.

Letnes & Hansen, Grand Forks, for defendant and respondent.

TEIGEN, Judge.

This appeal is from a summary judgment entered in favor of the defendant, Selmer Gjesdal, for a dismissal of the plaintiff's action.

The action was instituted for the purpose of recovering damages for personal injury and property damage resulting from a rear end collision between a two-ton truck owned and operated by the plaintiff and a tractor owned and operated by the defendant. At about 6:00 o'clock p. m., October 17, 1960, the plaintiff, driving his 1958 Chevrolet two-ton truck in a northerly direction on North Dakota Highway No. 1 approximately three and one-half miles south of Nekoma, North Dakota, collided with the rear right wheel of a tractor owned and operated by the defendant. It was dark and both vehicles were traveling in the same direction well over on the right hand side of the highway. The plaintiff's truck was damaged and the plaintiff was injured as a result of the collision and has instituted suit against the defendant for the recovery of $19,500 in damages, alleging negligence of the defendant in the operation of his tractor as the direct and proximate cause.

The defendant answered, denying that he was negligent and alleged contributory negligence as to the plaintiff. The deposition of the plaintiff was taken under Rule 26 of the North Dakota Rules of Civil Procedure. The defendant has moved for a summary judgment of dismissal of the plaintiff's action under Rule 56 of the North Dakota Rules of Civil Procedure. He filed in support thereof the deposition of the plaintiff. No further evidentiary materials were filed. Thus the court had before it on the motion, the pleadings and the deposition of the plaintiff.

The district court in its memorandum decision stated:

"In the instant action, there is no reasonable explanation, consistent with the facts as elicited from the plaintiff himself, which would account for the happening of the accident without the necessity of imputing negligence to the plaintiff, and it is held that plaintiff was contributorily negligent as a matter of law, and that such is a bar to recovery of damages by plaintiff."

The sole question on this appeal is whether, on the pleadings and showing made before the district court, the defendant is entitled to a summary judgment. To be so entitled it must appear that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. Rule 56(c), N.D.R.Civ. P.; Temme v. Traxel (N.D.), 102 N.W.2d 1; and Heasley v. State (N.D.), 115 N.W. 2d 334.

The plaintiff in this appeal assigns as error the trial court's findings that plaintiff was guilty of contributory negligence as a matter of law.

Plaintiff's testimony, by deposition, discloses that immediately before the collision he was driving his truck in a northerly direction. He was traveling at a speed of from 38 to 40 miles per hour. It was dark and his headlights were on dim. He tes-tified they enabled him to see 200 to 300 feet ahead. His truck was in good operating condition and his windshield was clear and clean. The weather was clear and visibility was unhampered. The road was blacktopped. Some distance away he saw three lights. Two of them were on the opposite side of the road and one on his side of the road. He described it as follows in his testimony:

"A. No, here is two (indicating) and little one was on the side, they weren't together, maybe the car was a way back. Now one light kind of over to the side.

"Q. One way off to the edge of the road?

"A. Yes.

"Q. The others closer to the center line?

"A. No, on his side.

"Q On his side?

"A. No, this man was coming down this side (indicating) and we was coming both of us. I didn't know whether he was coming or going or what it was."

He then explains in his testimony that he met the car with the two lights and saw the other light at the edge of the road and that he thought it was someone who was a drunken driver driving with one light on the wrong side of the highway. He was asked:

"Q. How close were you to the three lights when this car went past to the south?

"A. I judge it fifty yards when that car went and that one light about here like that (indicating) about fifty yards, not feet."

He testified that the single light blinded him, that he was traveling from 38 to 40 miles per hour, that he had seen it for a considerable distance before he met and passed the car with two lights and that he

could have stopped but that he did not do so. In fact, he did not even slow down. He thought it was a drunken driver approaching on plaintiff's side of the highway but that by staying well over to his right hand side he could pass. He stated this in the following language:

"A. We both go, we coming closer. I put my head on the window, like this (indicating), so I could see what kind of light it is, I can't tell it not after the car pass, now the car is gone, I was talking by myself what I will do with that drunk. I will pull out the best I can and maybe he will pull too, maybe I can pass. I went altogether out, he went off the pavement, I took his right wheel."

He testified he had not slowed down at all and that it was lucky he had not speeded up. He also testified he did not know it was a tractor until he was too close to attempt to stop.

It is clear from the testimony the plaintiff recognized there was danger ahead, although he did not know it was a tractor traveling in the same direction. He thought it was a drunken driver driving a vehicle with one light which was over on his, the plaintiff's, side of the road and perhaps coming toward him. Yet he took none of the usual steps to prevent an accident. He did not slow down nor did he attempt to stop but continued at his regular speed of from 38 to 40 miles per hour and steered toward the right hand side of the road. He hoped that the assumed drunken driver would pull over to the opposite side of the highway permitting the plaintiff to pass.

[2] Questions of negligence and contributory negligence ordinarily are questions of fact for the jury, unless the evidence is such that reasonable men can draw but one conclusion therefrom. Lostegaard v. Bauer, 78 N.D. 711, 51 N.W.2d 761; Cose v. Towner County (N.D.), 102 N.W.2d 538; Olson v. Kem Temple Ancient Arabic Order of Mystic Shrine, 78 N.D. 263, 49 N.W.2d 99;

Rettler v. Ebreck (N.D.), 71 N.W.2d 759; Wolf v. Northern Tank Lines, Inc. (N.D.), 113 N.W.2d 675.

No hard and fast rule can be laid down to determine whether a motorist is guilty of contributory negligence in failing to stop or turn aside to avoid a collision with an object upon the highway. Each case must be decided upon its own particular facts and circumstances. Lostegaard v. Bauer, supra; Schaller v. Bjornstad, 77 N.D. 51, 40 N.W.2d 59; Wolf v. Northern Tank Lines, supra; 60 C.J.S. Motor Vehicles § 291, p. 687.

The defendant has moved for summary judgment and has the burden of demonstrating clearly that there is no genuine issue of fact. The evidence presented must be construed in favor of the party opposing the motion. The plaintiff must be given the benefit of all favorable inferences which can be reasonably drawn from his deposition that indicates the presence of genuine issue of fact. Temme v. Traxel (N.D.), 102 N.W.2d 1, supra; and Feather v. Krause (N.D.), 91 N.W.2d 1.

The purpose of Rule 56 is to afford procedure for the just, speedy and inexpensive disposition of actions in which there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, N.D.R.Civ. P.; Lindgren v. Sparks, 239 Minn. 222, 58 N.W.2d 317.

The plaintiff was examined by both attorneys. It appears there is no genuine issue as to any material fact. The plaintiff was alone in his truck. It is not claimed that there were any witnesses to the accident, other than the plaintiff and the defendant. If his testimony were elicited, we must assume it would be favorable to the defendant. The only question for our determination is whether or not the defendant, as movant, is entitled to judgment as a matter of law. On the basis of the facts, was the

plaintiff guilty of contributory negligence as a matter of law? We think so. It is true the plaintiff erred in his judgment that he was meeting a drunken driver on the wrong side of the road with one light. The light which he saw was a light mounted on the rear of the defendant's tractor and it was traveling in the same direction as the plaintiff. The light is one ordinarily located on the rear of farm tractors and, after dark, illuminates farm equipment which it pulls in the field.

The plaintiff was 68 years of age. He had been engaged most of his life as a junk man going around the country buying junk. His health and vision were good. The plaintiff knew there was danger ahead but did not stop, although he testified he could have done so, nor did he slow down his vehicle. He continued at a speed of 38 to 40 miles per hour. He steered well over to the right hand side of the road on the assumption that the object to which the light was attached would turn to the opposite side of the road and avoid a collision. The choice involved a hazard, even on the basis of the plaintiff's evaluation of the problem confronting him. It was a choice which no ordinarily prudent person would have made under similar circumstances. A drunken driver is a danger on the highway. This is known to every driver and no prudent person who believes he is meeting a drunken driver, coming down the wrong side of the road, will rely on the assumption that a drunken driver will turn from his path of travel over to the right hand side of the road to avoid a collision. The plaintiff assumed the risk incident to the dangers which confronted him. It was a position which he voluntarily took and which he alone controlled. He was, therefore, guilty of contributory negligence as a matter of law barring recovery.

The plaintiff argues that an emergency arose which plaintiff had not caused and which he could not reasonably have foreseen and he should not be held to the same degree of care as ordinarily demanded of a person who has time for deliberation and full exercise of his judgment. But such was not the case here. What we have said heretofore demonstrates that the rule does not apply. One cannot shield himself behind an emergency created by his own negligence. Bolton v. Wells, 58 N.D. 286, 225 N.W. 791; 60 C.J.S. Motor Vehicles, § 257(c), and the many cases cited thereunder.

Judgment is affirmed.

MORRIS, C. J., and STRUTZ, BURKE and ERICKSTAD, JJ., concur.