Arthur ZUEGER, Emil Zueger, Jr., Paul Zueger, Sonja Zueger, and David Zueger, Plaintiffs and Appellants,

v.

Leo BOEHM, and Morton County, a Public Corporation, Defendants and Respondents.

Civ. No. 8496.

Supreme Court of North Dakota.

Feb. 7, 1969.

Vogel, Bair & Graff, Mandan, for plaintiffs and appellants.

Richard P. Gallagher, Mandan, for defendant and respondent Leo Boehm.

Lester J. Schirado, Morton County State's Atty., for defendant and respondent Morton County.

TEIGEN, Chief Justice.

This appeal is from summary judgments of dismissal of the plaintiffs' complaint.

The plaintiffs brought action to enjoin the construction of a road grade upon an unimproved section line which bisects the plaintiffs' farm, and also seek damages for trespass and severance. The defendants separately moved for summary judgment of dismissal of the plaintiffs' complaint. During the summary judgment proceedings the parties stipulated that the plaintiffs' claim for damages be stricken from the action and reserved for another action to be brought later, if the plaintiffs prevail in defending against the motion for summary judgment of dismissal. The trial court granted the defendants' motions for dismissal and separate summary judgments were entered dismissing the action as against each of the defendants. The plaintiffs appealed.

It appears from the pleadings and the stipulation of facts that the defendant Boehm was desirous of having the section line in question improved so he could use it to travel from his farm to U.S. Highway

No. 10. The record does not disclose what other highways, if any, serve his farm. It was an unimproved section line and was impassable for use by vehicles and equipment for part or all of each year. The section line is located in an unorganized township. The defendant Boehm appeared before the board of county commissioners and requested the section line be opened. The county commissioners by resolution declared the section line "to be open" for highway purposes and directed the state's attorney to give notice to the adjacent property owners to remove fences located within thirty-three feet on either side of the section line within thirty days. Following this action some of the plaintiffs appeared before the board of county commissioners at its next meeting in regard to the subject; however, the commissioners "determined that the order to open the section line stand, but the county spend no money on building a highway or bridge which would be needed." The salient parts of the resolutions passed by the county commissioners at those two meetings are as follows:

[Meeting of June 2, 1964]

"WHEREAS, Leo Boehm has requested that the following described section line be opened to public travel and specifically to enable said person to obtain access from his farm residence to U.S. Highway No. 10:

"WHEREAS, said section line is presently fenced; and

"WHEREAS, this appears to be a proper case therefore:

"NOW THEREFORE, IT IS HEREBY ORDERED, by the Board of Morton County Commissioners that, the following described section line is hereby declared to be open and the States Attorney is directed to give written notice to the owner or owners of land adjacent thereto to remove within thirty (30) days of the mailing of said notice, all fences within 33 feet of each side of said line."

[Meeting of July 7, 1964]

"A hearing was held at this time on the Order of the Board dated June 2nd, 1964, opening the section line between Sections 17 & 18 and that part of Sections 19 & 20 north of U.S. Highway No. 10, Township 139, Range 82. Present at the hearing were Wm. C. Kelsch, States Attorney; Maurice LaGrave, Leo J. Boehm, Robert Vogel, Art Zueger and Paul Zueger.

"All parties were given an opportunity to be heard and after discussing the matter the board determined that the order to open the section line stand, but that the County spend no money on building a highway or bridge which would be needed."

Thereafter, the defendant Boehm, at his own expense, caused the section line in question to be improved by the construction of a road grade so as to make it passable for public travel. It was stipulated that the road, as graded, is located upon the section line, extending not more than thirty-three feet on either side thereof.

The question presented on this appeal is whether an abutting landowner is entitled to enjoin a private citizen from improving a section line for the purpose of public travel, where such improvement consists of the construction of a road grade on an otherwise impassable section line, and at his own expense and direction, after the county commissioners (the section line being located in an unorganized township) by resolution opened the section line for public travel.

The appellants make three contentions on this appeal to establish that the trial court erred in dismissing the action.

First, that there are genuine issues of material facts for decision, and it therefore was improper to grant the summary judgments.

Second, it is claimed that the defendant Boehm, as a private person, has no author-

ity in law to change the contour of land, regardless of whether it happens to be upon a section line, and regardless if it is a necessary alteration to allow the use of the section line for public travel. The plaintiffs argue that the defendant Boehm, as a member of the public, has a right to the use of the thirty-three feet on each side of the section line for travel in its natural condition, but that only the county, in an unorganized township, has the right to construct or maintain a road, or to change the contour of the land as it exists in its natural state.

Third, the plaintiffs argue that the county commissioners cannot open a section line for public travel in an unorganized township (as distinguished from establishing it as a highway) without notice to the owner of the adjoining land and, further, that the county commissioners are not authorized by law to allow an individual to construct a grade upon a section line as a project under his own control and direction.

The arguments in support of these contentions are based on the principle that the construction and maintenance of public highways is a governmental function, and that the governmental unit charged with the responsibility cannot delegate this power to an individual and thus relieve itself of its legal responsibility.

We will first consider whether this was a proper case for the entry of summary judgments of dismissal.

■ Under Rule 56(c), N.D.R.Civ.P., the moving party is entitled to summary judgment, if it appears that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law. Wolff v. Light, N.D., 156 N.W.2d 175; Titus v. Titus, N.D., 154 N.W.2d 391; Verry v. Trenbeath, N.D., 148 N.W.2d 567; Lang v. General Motors Corporation, N.D., 136 N.W.2d 805; Fire Ass'n of Philadelphia v. Vantine Paint & Glass Co. of Bismarck, N.D., 133 N.W.2d 426; Mondy v. Gjesdal, N.D., 123 N.W.2d 33; Heasley v. State, N.D., 115 N.W.2d 334.

The party moving for summary judgment has the burden to show that there is no genuine issue as to material facts. Wolff v. Light, *supra*; Titus v. Titus, *supra*.

A review of the complaint discloses that the plaintiffs allege that the defendant Boehm, wrongfully and without authority of the defendant Morton County, commenced the construction of the road in question across the plaintiffs' land. The answer of the defendant Boehm alleges that the road in question was constructed under and pursuant to the authority of the defendant Morton County, and that the said county authorized him to construct a road. The answer of the defendant Morton County denies that the defendant Boehm improved the section line by the construction of the road pursuant to authority granted by it, but alleges that if it is found that such authority was granted, the improvement is properly a gift to the public which the defendant county is authorized by statute to receive. An examination of the evidence submitted to the trial court discloses that the issue arising from the pleadings as to this question is not settled. Was the question of fact material to the decision? We find, for reasons hereinafter stated in this opinion, that the question of fact, i.e., whether the defendant Morton County authorized the defendant Boehm to construct the grade in question upon the section line, is a material fact for decision in this case, and that upon this question there is a genuine issue raised by the pleadings which has not been settled by the evidentiary material presented. For this reason we find it was error for the trial court to grant summary judgments of dismissal.

This Court has previously held that highways belong to the state, that the state has an easement on the section lines to a width of two rods on each side for high-

way purposes, and that the grading and maintaining of section-line highways is a governmental function.

"The highways belong to the state. The state has an easement on the section lines to the width of two rods on each side for highway purposes. From the very beginning of territorial days down to and including the present time section lines have been declared to be public highways. As shown in Hillsboro National Bank v. Ackerman et al., 48 N.D. 1179, 189 N.W. 657: 'All section lines, under the grant of Congress of 1866 (section 2477, Rev.Stats.U.S. [N.S. Comp.St., § 4919 (43 U.S.C.A., Sec. 932)]), having been accepted by chapter 33, Laws Dak.Ter. 1871, became public highways from the time of the congressional grant.' The grading and maintaining of highways on section lines is a governmental function." King v. Stark County, 66 N.D. 467, 266 N.W. 654, 656.

■ The state has control over its highways in its sovereign capacity, as represented by the legislature, and it may exercise its power directly or delegate it to any properly constituted body. 39 Am.Jur.2d, Highways, Streets, and Bridges, Sec. 72.

The State Legislature, in recognition of its responsibility and duty relative to the highways of the state, has by legislation established a comprehensive plan consisting of various systems of highways. In its declaration of legislative intent, found in Sec. 24–01–01, N.D.C.C., the legislature has declared that the various highway systems of the state shall be under the management, operation, and control of various officials "whose duty it shall be, within the limits of available funds, to plan, develop, operate, maintain, and protect the highway facilities of this state, for present as well as for future use." It created the office of state highway commissioner and a state highway department, and provides their duties relative to highways, but it also reposes confidence in local officials. The statute, in part, states as follows:

"It is recognized that the efficient management, operation, and control of our county roads, city streets, and other public thoroughfares are likewise a matter of vital public interest. Therefore, it is the further intent of the legislative assembly to bestow upon the boards of county commissioners similar authority with respect to the county road system and to local officials with respect to the roads under their jurisdiction." Sec. 24–01–01, N.D.C.C.

The statutes provide for the establishment of a state highway system under the control of the state highway commissioner (chs. 24–01 through 24–04, N.D.C.C.), a county road system under the direction of the board of county commissioners (ch. 24–05, N.D.C.C.), and a local road system under the direction of the board of township supervisors (ch. 24–06, N.D.C.C.).

Chapter 24–06, N.D.C.C., provides that the board of township supervisors of any township in this state shall have general supervision over the roads, highways, and bridges throughout the township.

Section 24–06–14, N.D.C.C., provides that in unorganized territory the board of county commissioners shall appoint a district overseer of highways whose power and duties shall be the same as in an organized township. Section 58–12–03, N.D.C.C., provides that the township overseer of highways shall have direct charge of the construction of all township highways.

Section 24–07–04, N.D.C.C., provides that all proceedings for the opening, vacating, or changing of a highway outside of the limits of an incorporated city shall be under the charge of and in the name of:

"1. The board of county commissioners, if the road is in territory not organized into a civil township; * * "

These various statutes provide authority to the appropriate officials to lay out and establish public highways, and provide the

procedure. However, as to section lines, the statute provides that:

"In all townships in this state outside the limits of incorporated cities and villages, the congressional section lines shall be considered public roads, to be opened to the width of two rods on each side of such section lines, where the same have not been opened already upon the order of the board having jurisdiction, without any survey being had, except where it may be necessary on account of variations caused by natural obstacles, subject, however, to all the provisions of this chapter in relation to assessments of damages. * * *" Sec. 24–07–03, N. D.C.C.

It is stipulated that the road in question in this proceeding was built on a section line located in an unorganized township and that the improvement placed thereon by the defendant Boehm does not extend beyond thirty-three feet on either side of the section line.

The plaintiffs on this appeal for the first time have argued that the county cannot open a section line to public travel without notice to the adjoining landowners. They admit that the section line is established as a public highway, which is the holding of Hillsboro National Bank v. Ackerman, 48 N.D. 1179, 189 N.W. 657. It does not appear, however, that this issue was framed by the pleadings nor raised in the trial court, nor was it considered by the trial court in the summary judgment proceedings before it. A stipulation of facts entered into for summary judgment proceedings, in part, provides: "but said section line was never closed by competent authority." In the plaintiffs' complaint it is alleged that whatever right the public has to the use of the section line is a right to use it in its present condition and does not include any right to change the surface or grade of the land to the detriment of the plaintiffs. Therefore it appears that in the proceedings below the section line was considered open. Inasmuch as this was not

one of the issues before the trial court we will not consider it on this appeal. An issue which is neither raised nor considered by the trial court cannot be raised for the first time on appeal. McDonald v. Abraham, 75 N.D. 457, 28 N.W.2d 582.

The state has control over its highways but has delegated its power in certain instances to other official bodies, such as the board of county commissioners over county highway systems and in unorganized territory, and to the board of township supervisors in civil townships. These powers include the power to construct and improve highways. The grading and maintaining of public highways is a governmental function. King v. Stark County, *supra*. As far as we can ascertain, the legislature has not delegated to private individuals the power to improve or maintain highways which have been officially opened. We believe, however, that private individuals may be granted the right to construct or improve a public highway, upon proper authorization from the proper public authority.

"Ordinarily, private individuals or corporations have no right to construct highway improvements without the permission of the governing public authorities. The public authorities may permit them to do so, and statutes and municipal ordinances sometimes grant them the right to make such improvements at their own expense. * * * If the consent of the public authorities is required, it must, of course, be obtained. The work must be done in substantial accordance with the requirements of such authorities or those prescribed by the ordinance directing the improvement to be made * * *." 39 Am.Jur.2d, Highways, Streets, and Bridges, Sec. 77, p. 463.

The construction of a public highway grade may be performed by a private individual on a contract basis for or without compensation. However, where, as here, it involves the construction of a highway grade on a section line in an unorganized

township, the construction work must be carried on under the direction of the district overseer of highways appointed by the county commissioners (24–06–14, N.D.C.C.), and he shall have direct charge of the construction (58–12–03, N.D.C.C.). Under such an arrangement the private individual who performs the work becomes the agent of the county and the county remains subject to all statutory provisions applicable to the improvement as if it were being constructed by the county under its power to construct highways in unorganized territory.

The defendant county, governed by its board of county commissioners, is a governmental agency of the state and possesses only such powers as are conferred upon it by law. We find no statute which authorizes the county or its board to delegate its authority over the highways under its jurisdiction to a private individual so as to relieve the county and its board of all responsibility. The defendant Boehm, in his answer to plaintiffs' claim of no authority, alleges that he was authorized to improve the section line in question by the board of county commissioners of Morton County, and denies that there was any wrongful dedication of power. The county denies it authorized the improvement by Boehm. The stipulation of facts and the other evidentiary material submitted does not establish either of these opposing claims. The issue formed by the pleadings on this fact question is not settled by the material on file in support of or in resistance to the motions for summary judgment. We find that the evidence submitted in support of the motions for summary judgment does not establish that there is no genuine issue as to a material fact. Therefore, it was error for the trial court to grant the summary judgments of dismissal.

Summary judgments reversed.

TEIGEN, C. J., STRUTZ, ERICKSTAD, PAULSON and KNUDSON, concur.