Delraine **ROQUETTE** and Kenneth Roquette, Jr., Plaintiffs and Appellants,

v.

**NORTH AMERICAN VAN LINES, INC.,** Red River Moving and Storage Company, Inc., and Leslie Larson, Defendants and Respondents.

Esther **ROQUETTE** and Kenneth Roquette, Sr., Plaintiffs and Appellants,

v.

**NORTH AMERICAN VAN LINES, INC.,** Red River Moving and Storage Company, Inc., and Leslie Larson, Defendants and Respondents.

Civ. Nos. 8677, 8678.

Supreme Court of North Dakota.

May 14, 1971.

Wegner, Fraase & Cooke, Fargo, for plaintiffs and appellants.

Nilles, Oehlert, Hansen, Selbo & Magill, Fargo, for defendant and respondent North American Van Lines, Inc.

Wattam, Vogel, Vogel & Peterson, Fargo, for defendant and respondent Red River Moving and Storage Company, Inc.

David L. Peterson, Special Asst. Atty. Gen. for Unsatisifed Judgment Fund, Bismarck, for defendant and respondent Leslie Larson.

PAULSON, Judge.

Delraine Roquette commenced an action against North American Van Lines, Inc., Red River Moving and Storage Company, Inc., and Leslie Larson, for personal injury damages in the amount of $67,537.00, arising from an automobile-truck collision which occurred on March 11, 1967. Kenneth Roquette, Junior, her husband, is also a plaintiff in this action for loss of consortium. Esther Roquette and Kenneth Roquette, Senior, also commenced an action against the same defendants for injuries and damages arising from the same accident. While each of these cases came to this court on a separate appeal, they have been combined for the purpose of this opinion.

Each defendant interposed a separate answer. North American Van Lines, Inc. [hereinafter North American] and Red River Moving and Storage Company, Inc. [hereinafter Red River] in each case moved for a summary judgment in its favor. After considering the pleadings, affidavits, and depositions, the district court granted the motions for summary judg-

ment on December 24, 1969, and a combined summary judgment in each case was entered on December 29, 1969, notice being given to the Roquettes on December 30, 1969. All of the Roquettes appealed from these summary judgments. A perusal of the pleadings, affidavits, and depositions indicates that these lawsuits are based upon the following set of facts:

On March 11, 1967, John Thomas Bruce, also known as John Thomas Pishewa Bruce, was employed by Red River, pursuant to a truckman's agreement. The president of Red River, Omar Saign, was Mr. Bruce's immediate supervisor. A straight van truck used for hauling furniture was in the constructive possession of Red River, under the control of Mr. Saign, and in the actual possession of Mr. Bruce. This truck was owned by Gordon Gunderson, at that time a minor stockholder in Red River. This van was subject also to an agent's trucking agreement between North American and Red River. During the evening of March 11, 1967, the truck was parked on the APCO Truck Stop lot located on West Main Avenue in Fargo, North Dakota. Mr. Bruce had left the keys in the ignition and, sometime prior to eight o'clock in the evening of March 11, 1967, the truck was allegedly stolen. At the time of the alleged theft, Mr. Bruce was inside the truck stop recreation center, where he was notified by one of the APCO attendants that the truck had been driven away. Mr. Bruce stated that he proceeded to the APCO parking lot and confirmed the fact that the truck was missing and immediately telephoned Omar Saign and Gordon Gunderson concerning the alleged theft and, subsequently, reported the matter to the police. The record of the events which took place at this time are somewhat clouded by conflicting testimony, since Mr. Bruce later stated that he left the truck stop and searched another parking lot, as well as the street, for the truck, before calling Mr. Saign to report its apparent theft. The attendant who had noticed the truck being driven away fur-

ther stated that Mr. Bruce had borrowed his automobile with which to make a private search for the missing truck before calling the police. This statement was denied by Mr. Bruce. The truck was later found stalled, facing west, in the righthand traffic lane of Interstate 94 in a depression beneath a railroad overpass. At the time the accident occurred, darkness had fallen, no lights were being exhibited from the truck, nor were highway flares placed behind the truck on the roadway. An automobile owned by Kenneth Roquette, Senior, driven by his wife, Esther Roquette, in which car Delraine Roquette was occupying the right front seat as a passenger, collided with the rear end of the stalled truck. Esther Roquette and her daughter-in-law, Delraine Roquette, sustained personal injuries as the result of this accident. The defendant Leslie Larson was taken into custody at the scene of the accident and charged with the theft of the van.

The issue in this case is whether the entry of summary judgment in favor of North American and Red River was appropriate.

Subdivisions (b) and (c) of Rule 56 of the North Dakota Rules of Civil Procedure pertaining to summary judgment are applicable in the case at bar:

"RULE 56

"SUMMARY JUDGMENT

"(b) For defending party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

"(c) Motion and proceedings thereon. The motion shall be served at least ten days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. Judgment shall be rendered forthwith if the pleadings, depositions, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages. Summary judgment, when appropriate, may be rendered against the moving party."

Under Rule 56(c), N.D.R.Civ.P., the moving party is entitled to summary judgment if it appears that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Lende v. Wiedmeier, 179 N.W.2d 736 (N.D.1970); Volk v. Auto-Dine Corporation, 177 N.W.2d 525 (N.D.1970); Weidner v. Engelhart, 176 N.W.2d 509 (N.D. 1970); Zueger v. Boehm, 164 N.W.2d 901 (N.D.1969); Wolff v. Light, 156 N.W.2d 175 (N.D.1968); Titus v. Titus, 154 N.W. 2d 391 (N.D.1967); Verry v. Trenbeath, 148 N.W.2d 567 (N.D.1967); Lang v. General Motors Corporation, 136 N.W.2d 805 (N.D.1965); Fire Ass'n of Philadelphia v. Vantine Paint & Gl. Co., 133 N.W.2d 426 (N.D.1965); Mondy v. Gjesdal, 123 N.W. 2d 33 (N.D.1963); Heasley v. State, 115 N.W.2d 334 (N.D.1962). A party who moves for a summary judgment has the burden of demonstrating clearly that there is no genuine issue of a material fact. The evidence presented at a hearing on such a motion must be construed in favor of the party opposing the motion, and he must be given the benefit of all favorable inferences which may reasonably be drawn from the evidence that indicate the presence of a genuine issue of a material fact. Ray v. Northern Sugar Corporation, 184 N.W.2d 715 (N.D.1971); Volk v. Auto-Dine Corporation, *supra*; Weidner v. Engelhart, *supra*; Zueger v. Boehm, *supra*; Wolff v. Light, *supra*; Mondy v. Gjesdal, *supra*; Temme v. Traxel, 102 N.W.2d 1 (N.D.1960); Feather v. Krause, 91 N.W. 2d 1 (N.D.1958). This court held, in paragraph 2 of the syllabus, in Wolff v. Light, *supra* 156 N.W.2d at 175–176:

"In cases involving issues of negligence, contributory negligence, assumption of risk and proximate cause, where the standard of the reasonable man must be applied to conflicting testimony, and even where there is no dispute as to the facts, where inferences may be reasonably drawn from the evidence that indicate the presence of a genuine issue of fact, summary judgment should not be granted, but these issues should be tried in the usual manner."

North American and Red River contend that the alleged theft of the truck was the intervening proximate cause of the accident and that they cannot be held responsible for an incident created by forces outside of their control. This court, in Wolff v. Light, *supra* 156 N.W.2d at 180, cited the case of Chicago, M. St. P. & P. R. Co. v. Johnston's Fuel Liners, Inc., 122 N.W.2d 140, 148 (N.D.1963), and restated the following language from 65 C.J.S. Negligence § 111, pp. 688–690:

"An intervening efficient cause which relieves a negligent wrongdoer of liability is, and must be, a new and independent force which breaks the causal connection between the original wrong and injury, and which itself becomes the direct and immediate cause of the injury. It must be more than a mere concurrent and contributing cause; it must be a responsible cause or a superseding cause, that is, one which has superseded the original act or been itself responsible for the injury."

From an examination of the facts and of the record presented to us, we find that they created genuine issues of material fact as to the responsibility, control, and agency relationship between North American, Red River, Mr. Bruce, Mr. Saign, and Mr. Gunderson, and that reasonable men could differ upon such issues. Further, there are additional material issues, that is,

whether or not Mr. Bruce was acting within the scope of his employment at the time of the alleged theft of the van; and the factual question of whether leaving the key in the ignition in the van was negligence under the circumstances and, if negligence, whether that negligence was a proximate cause of the alleged injuries. Thus, we conclude that the movants have not sustained their burden of showing that there are no genuine issues as to any material facts within the purview of Rule 56(c), N. D.R.Civ.P., and that the district court erred in determining that there were no genuine issues of material fact.

For the reasons stated in the opinion, the judgments of the district court are reversed and the cases remanded for trial.

STRUTZ, C. J., and ERICKSTAD, TEIGEN, and KNUDSON, JJ., concur.