Elbert T. Gallagher, J.
This is an action for an injunction. Plaintiffs are the owners of four lots in the Village of Scarsdale situated along the southerly line of a private street formerly known as Wiltshire Boad. Their home is located on one of such lots, which lot also fronts on Heathcote Boad.
Wiltshire Boad was constructed in 1929. It ran from Heath-cote Boad on the east to the New Rochelle City line on the west where it came to a dead end. It was never dedicated to or accepted by the village as a public street, although until 1955 it appeared upon the official map of the village.
*28 In 1955 the Board of Trustees of the village acting upon a recommendation of the Planning Commission and after a public hearing, adopted a resolution removing Wiltshire Road from the official map pursuant to section 179-h of the Village Law. Following this action the property formerly included within the boundaries of the road was designated as Lot 140 on the tax map of the village.
In 1956 there was a great increase of, traffic on the former Wiltshire Road due to the construction of an apartment house development in New Rochelle and the opening of the westerly end of the road by the builder. In December of that year the Board of Trustees requested the Police Department make a study 'of traffic conditions at the intersection of the said road and Heathcote Road. Periodic inspections were made and the Chief of Police submitted his report at the June, 1957 meeting of the board. The report stated that due to the curved approaches 'and the general topography of the area the emergence of traffic from Wiltshire Road onto Heathcote Road constituted a serious traffic hazard. The report contained a recommendation that Wiltshire Road be closed in the interest of safety. On the basis of this report the board determined that the continued use of Wiltshire Road by vehicular traffic “ is contrary to the public interest in that such use is inconsistent with public safety ’ ’, and directed that the road be barricaded.
Shortly thereafter a barrier was erected across Lot 140 on the right of way of Heathcote Road. Subsequently and at the request of the plaintiffs the barrier in front of the southerly one half of the lot was removed so as to give plaintiffs access to the said lot and to the front of their home from Heathcote Road. The part of the lot from which the barrier was removed is approximately 12 feet in width. This action was brought to compel the village to remove the remaining barrier in front of the northerly one half of Lot 140. In addition, plaintiffs seek judgment declaring that they have title to the former Wiltshire Road.
Since the village claims no title and since other possible claimants to the title have not been joined, a declaratory judgment would be improper.
Nor is it necessary for the court to make a finding as to title in order to determine plaintiffs’ right to an injunction. The same rules of law would apply whether plaintiffs have title or only an easement in Lot 140. The village has conceded that plaintiffs have at least an easement. It is beyond dispute that they have a right of ingress and egress to and from Heathcote Road. Whatever their property right it is held subject to the *29 right of the State reasonably to regulate its use under the police power in order to secure the safety of the community. No rule is better established than that the State or its agencies may make police regulations, although they interfere with the full enjoyment of private property, and regulations which impair the use of property or interfere with a property right, if done in the proper exercise of the police power, do not entitle the owner of such property to compensation or give him any right of action for the injuries sustained. (People ex rel. Durham Realty Corp. v. La Fetra, 230 N. Y. 429; People v. Havnor, 149 N. Y. 195; Village of Carthage v. Frederick, 122 N. Y. 268.)
The vital question, therefore, is whether the erection and maintenance of the barrier has a reasonable connection with the public welfare or safety. The evidence shows that the barrier was erected after careful investigation by the Police Department which revealed the existence of a traffic hazard. ‘ ‘ A regulation or ordinance adopted to speed up traffic and eliminate danger is reasonable ”. (Jones Beach Boulevard Estate v. Moses, 268 N. Y. 362, 369.)
Undoubtedly the presence of a barrier across the northerly half of Lot 140 has caused the plaintiffs some inconvenience. However, it does not appear to be unduly burdensome or to have caused the plaintiffs substantial injury. They have direct access ,to their home from Heathcote Road over the driveway leading to their garage and access to all of Lot 140 over the southerly one half thereof.
Plaintiffs contend that there were other and better ways of eliminating any danger that may have existed. However that may be, the court may not substitute its own judgment for that of the Board of Trustees. Their action was. not unreasonable and, therefore, will not be enjoined.
Complaint dismissed, with costs.
This opinion shall constitute the decision of the court.
Settle judgment.