John- P. -Gualtibbi, J.
There are before the court two motions in this appropriation case, one hy the State to dismiss a portion of the claim and ,the second by the claimant for an examination before trial and the production of records. We shall consider the State’s motion first.
The property involved is located north of the City of Utica, in Oneida County, adjacent to Route 12, a four-lane highway, with two northbound lanes and two southbound lanes which are separated by a mall. In February of 1969, the claimant acquired 20 acres of land fronting on the westerly side of this highway. In March of 1970, an additional 20 acres, were purchased to the rear of the first acquired parcel. The claimant bought the property for the purpose of building thereon a major shopping center.
On November 5, 1969, while the claimant was enagaged in planning this venture, but before the beginning of construction, the State Department of Transportation, under the police powers given it by statute to regulate highway traffic in furtherance of traffic safety, made a determination that left-hand turns from the northbound lanes across the southbound lanes and into property on the west side of the highway, including claimant’s property, were to be prohibited.
This decision was made at a time when the State was reconstructing an eight-mile stretch of Route 12 north of claimant’s property to expressway standards with limited access. The Commissioner determined that left-hand turns and crossings at grade would be unduly hazardous, in view of the increased use of this highway which would result from commercial development and the high speeds which would be generated by the reconstruction.
Claimant filed its claim on February 10, 1972, and we are concerned here with that portion of the claim labeled Appropriation I, which the State seeks to have dismissed. It alleges that “ the property taken consists of suitable access ” from the claimant’s property to Route 12.
The total claim is for $11,005,000 as follows: direct damages— $1,000,000; consequential damages — $10,000,000; prepaid taxes — $5,000.
*326 The State claims that claimant is entitled to no damages in connection with this alleged Appropriation I as a matter of law. By numerous and lengthy affidavits submitted by both sides, there are before the court certain undisputed facts. "While the relief sought by the State is a dismissal, the motion will be treated as one for .summary judgment pursuant to subdivision (c) of CPLR 3211 (Rapoport v. Schneider, 29 N Y 2d 396; Epps v. Yonkers Raceway, 21 A D 2d 798; Rager v. Lefkotvits, 20 A D 2d 867).
No portion of claimant’s property was taken. The claimant’s property has precisely the same physical relationship to the highway and access to Route 12 after the administrative decision to forbid left-hand turns as it did before. Southbound vehicles enter and leave claimant’s property as before. Cars traveling northerly, no longer allowed to make a left-hand turn across the southbound lanes, now have to travel less than one mile further, where the State, as part of the new construction, has put in an overhead crossing, enabling those vehicles to get onto the southbound lanes and reach claimant’s property. It appears that, because of the closing of Mullaney Road north of claimant’s property, some of the prospective customers of the shopping center residing in the general area have to travel a distance of up to five or .six more miles in order to shop at this establishment than would be necessary if left-hand turns were permitted.
In this court’s view, under these undisputed facts, any claim for damages is barred by the holdings in Selig v. State of New York (10 N Y 2d 34), Northern Lights Shopping Center v. State of New York (20 A D 2d 415, affd. 15 N Y 2d 688, cert, den. 382 U. S. 826), Bopp v. State of New York (19 N Y 2d 368), Jones Beach Blvd. Estate v. Moses (268 N. Y. 362) and numerous other decisions which have stated the legal principles applicable to a situation like this.
Claimant relies upon a number of cases which hold that if the State, with or without a taking, by any act on its part, destroys access or makes access unsuitable it must respond in damages. However, in each of the cases cited by the claimant there was either a complete deprivation of access to the property, a physical change resulting from a change of grade, or a direct appropriation by the filing of a map. Claimant has called to .the court’s attention no .authority, nor has the court’s own research found any, that would allow damages in a case of no taking, no change of grade or physical impairment of access contiguous to claimant’s property, and where the access to the *327 highway was exactly the same before as after the State’s alleged interference.
In Jones Beach Blvd. Estate v. Moses (268 N. Y. 362, supra), the factual situation was very similar to that in the case at bar. The Park Commission prohibited left-hand turns and people had to travel a distance of about five extra miles each way to. reach the claimant’s property. The Court of Appeals said (p. 368) that “ the rights of an abutter are subject to the right of the State to regulate and control the public highways for the benefit of the travelling public ’ ’ and went on to hold that although a property owner might be hurt by the prohibition of left-hand turns he had no remedy unless there was an express statutory provision therefor.
The following language in Northern- Lights Shopping Center v. State of New York (20 A D 2d 415, 420-421, supra) is pertinent : “As for circuity of access, an abutting owner has no legal right to travel from his property to his destination in the most direct way possible. As for diversion of traffic, an abutting owner has no right to the continuation of a flow of traffic in front of his property. * * * Damages resulting from reasonable traffic regulations are noncompensable.”
The claimant relies heavily on Priestly v. State of New York (23 N Y 2d 152). However, there was a direct taking in that case and the court held that access, while circuitous, could also be unsuitable and therefore provide the basis for consequential damages. The physical effect upon the property in that case does not exist here.
That Priestly does not apply to a situation where there is no taking of a portion of claimant’s land is indicated by the Third Department’s decision in Strohsahl’s, Inc. v. State of New York (37 A D 2d 1017). There consequential damages were allowed for loss of suitable access to a parcel where there was a taking. However, the court reversed an award to the same claimant on another parcel where there was no taking saying (p. 1018) that “ governmental acts which do not directly encroach upon private property, though their consequences may impair its use, do not entitle the owner of such property to damages.” The question of suitability of access to the second parcel was not even reached by the Appellate Division despite the fact that the effect of the highway construction was the same for both parcels.
Even assuming that the .State’s act in prohibiting left-hand turns might be compensable without any taking, the claimant would have the further burden of establishing that the access to *328 Boute 12 after the State’s prohibition was and is unsuitable as well as circuitous. That is a burden that it cannot meet in the light of the precedents referred to above and the fact that actually the access from claimant’s property to Boute 12 remains exactly the .same after as before.
There would be created an unthinkable drain on the public treasury if it were held, every time a traffic official, State or local, forbids left-hand turns, prescribes one-way streets, or by any regulation diminishes the flow of traffic in the interest of traffic safety and control, that property owners affected thereby, without any taking or physical change, can collect damages.
The court is mindful of the caveat that a motion for summary judgment .should be granted only in those cases where there is no possible question of fact to be explored by a plenary trial and that such relief should be granted with extreme caution and restraint. However, as heretofore .stated, the physical facts which are the basis of this decision are undisputed. They cannot be altered or changed if there were a trial and the court can see no useful purpose in protracted and expensive litigation where the result will have to be .the same as it is now.
In view of this conclusion, the issue of the timeliness of the filing of the claim raised by the State will not be passed upon.
Summary judgment in favor of the defendant is hereby directed in connection with Appropriation I.
Appropriation II of the claim involves the taking of 20 acres of claimant’s rear land by the University of the State of New York for the construction of an upper division college in the Town of Marcy. An appropriation map was filed in the office of the Oneida County Clerk on July 26,1971.
In the second motion, motion No. M-14608, the claimant seeks an examination before trial and the production of correspondence, records and documents relating to what the claimant contends was some connection between the State’s determination to forbid left-hand turns involved in Appropriation I and the taking of the property by the State University for the upper division college in Appropriation II. In effect, what is claimed here is that there was collusion or a conspiracy between the Department of Transportation and .the State University and that the Commissioner’s determination to forbid left-hand turns was made for the purpose of devaluating property on the west side of Boute 12 so that the State University would have to pay less money for the property to be appropriated.
*329 The State’s affidavits sworn to by the State officials involved deny any such conduct and state unequivocally that there are in existence no documents or records whatsoever on this subject.
Furthermore, the only purpose that any such evidence could serve would be . to show that the prohibition against left-hand turns was made not in the proper exercise of the police power for traffic safety but for some ulterior motive. If such evidence were allowed at the trial, the claimant would have to aslc the Court of Claims, a court of limited jurisdiction, to review a determination made by the Department of Transportation, a power conferred by statute only on the Supreme Court.
Nor is such an issue raised by the allegations contained in the claim. There is no allegation of any illegal or tortious conduct on the part of the Commissioner. The claim sets forth, as stated above, simply that there was. a “ taking ” of access by Appropriation I, and nothing more.
The power to review a decision under the police power of the Commissioner of Transportation, as above stated, does not rest in this court. Realizing this, claimant instituted an article 78 proceeding during 'January of 1971, for the very purpose of obtaining a determination that the Commissioner’s order forbidding left-hand turns was illegal .and an improper exercise of the police power. That proceeding was dismissed by Special Term, but there is an appeal pending in the Appellate Division.
Also, the Town of Deerfield commenced a proceeding in the United States District Court seeking the same relief. That proceeding is .still in litigation.
Substantial portions of claimant’s affidavits relate to meetings, conversations and discussions between representatives of the claimant and the State District Engineer. While th,e claimant was in the process of acquiring the property and before and after the Commissioner’s decision to forbid left-hand turns, there evidently was a great deal of consideration given by the District Engineer to methods and procedures whereby the impact on the claimant’s property might be mitigated.
At all times the claimant was informed that any final decision with reference to any traffic pattern or plan would have to be approved by the Commissioner of Transportation. Until then, the claimant could not be assured of anything. In fact, the claimant does not claim that there was any commitment before or after the construction of the shopping center. In that connection, claimant’s attorney’s own affidavit states that “claimant is not asserting that there were any guarantees or promises *330 that the State would provide left turns in any specific fashion from the northbound lane of Route 12 ”. Be that as it may, any .such conversations or alleged commitments would bear upon the legality and propriety of the Commissioner’s final determination, which .this court has no power to review.
In summary, the claimant’s motion is denied, because under the pleading we are dealing only with a two-part claim, both labeled ‘ ‘ Appropriation ’ ’ and nothing more, and on the further ground that the matters sought to be elicited would be evidence on matters over which this court has no jurisdiction.